James GEARY, Plaintiff,

v.

JEFFBOAT, INC.,
Defendant/Cross-Plaintiff,

v.

DIRECTOR, OFFICE OF WORKERS
COMPENSATION PROGRAMS, UNIT-
ED STATES DEPARTMENT OF LA-
BOR, Cross-Defendant.

No. NA 84–218–C.

United States District Court,
S.D. Indiana,
New Albany Division.

Sept. 26, 1985.

Alton D. Priddy, Hardy, Logan & Hastings, New Albany, Ind., for plaintiff.

Robert A. Donald, III, Lynch, Sherman & Cox Louisville, Ky., for Jeffboat.

Francis S. Lilly, Sol. of Labor, Donald S. Shire, Associate Sol., Joseph M. Walsh, Counsel for Claims, Joshua T. Gillelan, II, Atty., U.S. Dept. of Labor, Washington, D.C., John Daniel Tinder, U.S. Atty., Carolyn N. Small, Asst. U.S. Atty., Indianapolis, Ind., for cross-defendant.

STECKLER, District Judge.

This matter is before the Court to enforce a supplementary order made by a Deputy Commissioner of the Department of Labor. The Deputy Commissioner declared Jeffboat, Incorporated in default of its obligation to pay a compensation award to plaintiff. Also the Commissioner ordered Jeffboat to pay an additional amount of twenty (20) percent of the original award as a default penalty pursuant to § 914(f).

Cross-defendant, Director, Office of Workers' Compensation Programs, moves the Court for summary judgment. The Director seeks both dismissal of Jeffboat's cross-claim for declaratory relief and judgment in favor of plaintiff. In response, Jeffboat argues that the supplementary order is void and unenforceable for two reasons. First, Jeffboat argues that the Commissioner lacked authority to make the supplementary order. Second, Jeffboat contends it was denied a formal hearing on the supplementary order in violation of due process. The Court disagrees.

■ Under Section 918(a) the Deputy Commissioner is authorized to make a supplementary order "where the employer's liability already has been determined under a compensation order and the employer is in default of its payment under that order." *Providence Washington Ins. v. Director, O.W.C.P.*, 765 F.2d 1381, 1384 (9th Cir. 1985). The Commissioner has a duty to investigate claimant's application, provide ten (10) days' notice to interested parties, and provide a hearing to establish a factual basis for granting or denying claimant's request. Specifically, the Commissioner must determine whether payment under a compensation order is due, whether the employer has defaulted in payment and then must calculate the amount in default and

assess a penalty, if applicable. Title 33 U.S.C. § 918(a); *Providence, supra,* at 1385. The typical § 918 default award is a matter of computation and rarely raises substantive issues of fact or law. *Id.* at 1386; *Bray v. Director, O.W.C.P.*, 664 F.2d 1045 (5th Cir.1981). Consequently, unless there is a genuine dispute of fact or law regarding the supplementary order, an informal conference is appropriate and a formal hearing is not required. *Lauzon v. Strachan Shipping Co.*, 602 F.Supp. 661 (S.D.Texas, 1985); 20 C.F.R. § 702.301. This procedure is wholly consistent with the purpose of § 918(a) which is "to provide a quick and inexpensive mechanism for the prompt enforcement of unpaid compensation awards." *Tidelands Marine Service v. Patterson,* 719 F.2d 126 (5th Cir.1983).

■ Further, failure to grant a formal hearing does not deny due process. The default award is calculated on the basis of an appealable compensation order. This underlying compensation order determines the substantive rights of the parties by a formal hearing before an administrative law judge. The compensation order is then appealable on the merits to the Benefits Review Board and ultimately the Court of Appeals. For the aforementioned reasons the Court concludes that the Director is entitled to summary judgment on Jeffboat's cross-claim for declaratory relief.

■ The Director secondly moves the Court to enter judgment on plaintiff's complaint for enforcement of the Deputy Commissioner's supplementary order. Having reviewed the entire file and being duly advised in the premises, the Court hereby finds that the supplementary order is in accordance with the law and that entry of judgment is appropriate. Title 33 U.S.C. § 918(a).

Following a formal hearing an Administrative Law Judge made a compensation award to James Geary. That compensation order was filed in the Deputy Commissioner's office on January 30, 1984. Jeffboat timely appealed the compensation order to

the Benefits Review Board but did not acquire a stay of payments pursuant to 33 U.S.C. § 921(b)(3). Therefore, the compensation payments became due ten (10) days after the compensation award was filed on January 30, 1984. On March 15, 1984, Geary notified the Deputy Commissioner that he had not received any payments under the compensation order. Geary timely applied for a supplementary order within one year after Jeffboat's default. The Deputy Commissioner investigated Geary's application, gave notice of the claim to parties on April 19, 1984, and held an informal conference on May 13, 1984. At the informal conference Jeffboat did not deny that a compensation order awarded payments to Geary and that Jeffboat had failed to make said payments to Geary under the award. On July 26, 1984, the Deputy Commissioner issued a supplementary order declaring Jeffboat in default of the payments and assessing a 20% penalty. The total amount in default was $13,462.90. The supplementary order was filed in the Deputy Commissioner's office on July 26, 1984. On August 23, 1984, Geary filed a complaint and certified copy of the supplementary order with the Clerk of the appropriate District Court.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that the Director's motion for summary judgment on Jeffboat's cross-claim for declaratory relief is GRANTED and judgment is entered on the supplementary order in the amount of Thirteen Thousand Four Hundred Sixty-two Dollars and Ninety Cents ($13,462.90), plus interest.

Plaintiff's counsel is entitled to reasonable attorney fees pursuant to 33 U.S.C. § 928 and shall make application therefor, consistent with 20 C.F.R. § 702.132(a), within 15 days from the date of this order.