798 F.2d 469
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edgar T. HISLE, Plaintiff-Appellee,
v.
LOUISIANA DOCK COMPANY, Defendant-Appellant.
 No. 85-5213.
 United States Court of Appeals, Sixth Circuit.
 June 26, 1986.
 
 Before KRUPANSKY and GUY, Circuit Judges, and HOLSCHUH, District Judge.*
 PER CURIAM.
 
 
 1
 The issue presented by this appeal from the district court's enforcement of an award made under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. 1 901 et seq., is whether the Act violates an employer's due process rights by requiring employers to pay compensation awards pending appeal and by imposing a substantial penalty when payment is not timely made.
 
 
 2
 Plaintiff Edgar Hisle filed a claim for compensation pursuant to the Longshoremen's and Harbor Workers' Compensation Act ("the Act"), alleging that he had injured his back while engaged in the performance of his duties. On August 7, 1984 an Administrative Law Judge ordered defendant Louisiana Dock compan y to pay plaintiff lost wages, past and future medical expenses related to his back injury, interest, attorney's fees, and a fine. Defendant petitioned the Benefits Review Board for review of the ALJ's decision and moved for an order staying payment of the award pending review. The Board denied defendant's motion for a stay but agreed to hear the appeal, which remains pending.
 
 
 3
 When defendant did not pay the amounts awarded, plaintiff requested a supplementary compensation award. On December 17, 1984, the United, States Department of Labor Office of Workers' Compensation Programs, Sixth District (OWCP) found defendant in default for the sum of $46,519.55. Pursuant to section 14(f) of the Act, the OWCP awarded plaintiff an additional sum of $9,303,91.[1] Defendant was ordered to pay plaintiff a total of $55,823.46, plus interest.
 
 
 4
 Plaintiff filed the supplementary compensation order in the district court, seeking enforcement of the OWCP's order. On January 18, 1985 the court entered judgment on the supplementary compensation order.[2] The court vacated its judgment on February 12, 1985. however, having decided that such decision was improvident, the court later reinstated the judgment. Subsequent to filing a notice of appeal, defendant posted a supercedeas bond and the district court stayed enforcement of its judgment pending appeal to this Court. On April 19, 1985 this Court set aside the stay of execution, concluding that the district court lacked authority to issue the stay absent irreparable harm to the employer. The matter is now before the Court for disposition on the merits of the appeal from the judgment of the district court.
 
 I.
 
 5
 The Longshoremen's Act provides a comprehensive scheme governing the rights of a longshoreman who sustains a work-related injury. Pallas Shipping Agency Ltd. v. Duris, 461 U.S. 529 (1983) . When a claim for injury is made under the Act, the employer must pay compensation to the injured employee within two weeks of learning of his injury, or, if liability is contested, the dispute is resolved through administrative, channels. 33 U.S.C. I 914. If the dispute cannot be resolved informally, the claim proceeds to a formal hearing before an ALJ. 33 U.S.C. I 919. The ALJ's final compensation order may be appealed to the Benefits Review Board. 33 U.S.C. 1 921(b) (3). An adverse decision by the Board is then appealable to the United States Court of Appeals for the circuit in which the injury occurred.33 U.S.C. 1 921(c).
 
 
 6
 Defendant challenges the constitutionality of two provisions of the Act as violative of the due process clause of the Fifth Amendment. Those sections provide first, that payment of an ALJ's award cannot be stayed pending appeal unless the employer establishes that irreparable injury would result,[3] and second, that in the event payment is not timely made, a substantial penalty of twenty percent of the original compensation award may be assessed against the employer.[4] It is defendant's position that the statutory requirement that the employer pay benefits and penalties pending appeal, when the practical likelihood of recovery of those payments in the event of reversal is minimal, deprives employers of property without due process of law because it renders the appellate process meaningless.
 
 
 7
 The due process clause of the Fifth Amendment is intended to protect against arbitrary deprivations of liberty or property by the federal government. When deprivation of a liberty or property interest is threatened, what process is due depends upon. (a) the private interest affected by government action; (b) the risk of erroneous deprivation and the value of additional safeguards I and (c) the governmental interest, including the importance of the function and fiscal and administrative burdens. Mathews v. Eldridge, 424 U.S. 319, 335 (1976); Fleming v. United States Dept. of Agriculture, 713 F.2d 179, 183 (6th Cir. 1983). The primary consideration in any procedural due process case is whether the individual has been given an opportunity to be heard at a meaningful time and in a meaningful manner. Mathews, 424 U.S. at 333. Fundamental to this concept is that the administrative process be accurate and provide a fair consideration of the case. Flem, 713 F.2d at 183.
 
 
 8
 In the present case, the challenged governmental action impinges upon a property interest--the payment by employers of compensation to injured employees. To protect against erroneous deprivation, prior to the time that an employer is required to make any payment to the injured employee, if liability is contested, an impartial ALJ determines the substantive rights of the parties after conducting a formal adversarial hearing. The hearing is conducted in accordance with the Administrative Procedure Act, 5 U.S.C. I 554, which provides for presentation of evidence and cross-examination of witnesses. In the event that a party is not satisfied with the outcome of the hearing, the merits of the decision are appealable to the Benefits Review Board in the first instance and ultimately to the Court of Appeals. When an application for a supplementary compensation award due to default is made to the Deputy Commissioner, the Commissioner must investigate the application, provide ten days notice to interested parties, and provide a formal hearing if so requested. 33 U.S.C. 1 918(a), # 919.
 
 
 9
 The Longshoremen's Act was enacted in 1927 to ensure that every person engaged in maritime employment received workers' compensation coverage. Home Indemnity Co. v. Stillwell, 597 F.2d 87, 88 (6th Cir.), cert. denied, 444 U.S. 869 (1979). The Act includes a compromise common in workers' compensation legislation--it guarantees injured employees the right to receive immediate, fixed benefits regardless of fault and without lengthy litigation, but also precludes them from later filing other types of legal actions against their employers. See Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 194 (1983). More importantly, the Act strikes a balance between the competing interests of disabled laborers and their employers.
 
 
 10
 The LHWCA, like other workmen's compensation legislation, is indeed remedial in that it was intended to provide a certain recovery for employees who are injured on the job. It imposes liability without fault and precludes the assertion of various common-law defenses that had frequently resulted in the denial of any recovery for disabled laborers. While providing employees with the benefit of a more certain recovery for work-related harms, statutes of this kind do not purport to provide complete compensation for the wage earner's economic loss. On the contrary, they provide employers with definite and lower limits on potential liability than would have been applicable in common-law tort actions for damages....The use of a schedule of fixed benefits as an exclusive remedy in certain cases is consistent with the employees' interest in receiving a prompt and certain recovery for their industrial injuries as well as with the employers' interest in having their contingent liabilities identified as precisely and as early as possible.
 
 
 11
 Potomac Electric Power Co. v. Director OWCP, 449 U.S. 268, 281-82 (1980) (footnote omitted). Thus, the Act not only provides for the financial needs of injured employees and their families, it also serves to strengthen the employers' incentive to promote on-the-job safety. H.R. Rep. No. 92-1441, 92d Cong., 2d Sess., reprinted in 1972 U.S. Code Cong. & Ad. News 4698, 4699.
 
 
 12
 The legislative history of the challenged stay provisions could not be clearer. The Act is expressly designed to provide for prompt payment of compensation orders notwithstanding subsequent appeals by the employer. Providence Washington Ins. Co. v. Director OWCP, 765 F.2d 1381, 1384 (9th Ciro 1985). The House report on the amendments to the Act which established the Benefits Review Board is unequivocal:
 
 
 13
 The Committee does not intend that the appellate process result in delay of payment of compensation. Initial awards are not to be stayed pending review proceedings except by specific order of the board or the court based on a finding that irreparable injury would otherwise result to the employer.
 
 
 14
 H.R. Rep. 92-1441, supra at 4710. This language clearly represents a legislative determination that "except in extreme circumstances of irreparable injury to the payer it is preferable that an injured worker receive regular compensation, even (compensation which is] later determined to have been wrongly exacted and not recoverable by the payer, than that (an injured worker) be left without assistance until all amounts are finally determined." Henry v. Gentry Plumbing & Heating Co., 704 F.2d 863, 865 (5th Cir. 1983). That section of the Act which adds a substantial penalty for failure to timely pay is designed to further encourage prompt payment so that injured workers will not be left without medical expenses or a means of support. Providence Washington Ins. Co., 765 F.2d at 1386; Garvey Grain Co. v. Director, OWCP, 639 F.d 366, 372 (7th Cir. 1981).[5]
 
 
 15
 In light of the procedural safeguards provided by the Act and the substantial governmental interest, expressed by congress I in assuring injured workers prompt payment of benefits under the Act, the Court finds that the provisions which preclude a stay of payment pending appeal, absent irreparable harm, and which provide for a substantial penalty in the event payment is not timely made, do not deny employers due process of law. See Garvey Grain Co., 639 F.2d at 372; Hardaway Contracting Co. v. O'Keeffe, 414 F.2d 657, 661 (5th Cir. 1968);, 620 F. Supp. 41, 42 (S.D. Ind. 1985).
 
 II.
 
 16
 Approximately one month prior to argument in this case, plaintiff filed a motion with the Court for an award of attorney's fees. Although entitled "motion for award of attorney's fee," the motion is twofold, first, it seeks review by this Court of the district court's July 10, 1985 denial of attorney's fees for counsel's work.before that court, and second, it requests this Court to award attorney's fees for work performed by counsel "for all services rendered and to be performed before the District Court and this Court until this case is concluded."
 
 
 17
 Plaintiff's motion, insofar as it seeks review of the district court's denial of attorney's fees, is not properly before the Court. The district court's denial of attorney's fees for work performed before that court was a collateral appealable order. See Memphis Sheraton Corp. v. Kirkley, 614 F.2d 131, 133 (6th Cir. 1980). Since plaintiff failed to timely file a separate notice of appeal of that order, this Court is without jurisdiction to consider whether the district court properly ruled on that motion. There remains, however, the question whether plaintiff is entitled to attorney's fees for work performed in the appellate court as a result of this appeal by the employer of the district court's judgment on the supplementary compensation order.
 
 
 18
 Defendant argues that the Longshoremen's Act does not entitle plaintiff to an award of attorney's fees in an action brought pursuant to section 918 (a) to enforce a supplementary compensation order.' The Court believes that the provisions of the Longshoremen's Act should not be so narrowly construed. Section 928(a) of the Act, which provides for the award of a claimant's attorney's fees in certain circumstances, provides in relevant part:
 
 
 19
 If the employer or carrier declines to pay any compensation...on the ground that there is no liability for compensation within the provisions of this chapter, and the person seeking benefits shall thereafter have utilized the services of an attorney at law in the successful prosecution of his claim, there shall be awarded...a reasonable attorney's fee against the employer or carrier in an amount approved by the deputy commissioner, Board, or court, as the case may be, which shall be paid directly by the employer or carrier to the attorney for the claimant in a lump sum after the compensation order becomes final.
 
 
 20
 In applying the foregoing statute to this case, the Court's view is that plaintiff is entitled to an award of a reasonable attorney's fee for counsel's work in this Court. Defendant employer in this case not only declined to pay the original compensation award, it also declined to comply with the supplementary compensation order awarding plaintiff additional benefits. Plaintiff secured the services of counsel for the purposes of filing the supplementary compensation order in the district court and obtaining a judgment for the amounts due and owing. When the district court entered judgment in accordance with section 918(a), the employer appealed the decision to this Court, causing plaintiff to incur added legal expense. Plaintiff's claim that he is entitled to judgment on the supplementary compensation order has been successfully prosecuted. Accordingly, plaintiff is entitled to recover attorney's fees generated in the appeal to this Court when the compensation order becomes final. See Zeller v. Associated Indemnity Corp., 92 F.2d 453, 454 (9th Cir. 1937) .
 
 
 21
 Defendant relies upon a provison of section 918 (a) stating that "[r]eview of the (district court's) judgment so entered may be had as in civil suits for damages at common law" in support of its contention that recovery of attorney's fees is precluded in section 918 proceedings. The Court is not persuaded by this argument. The "civil suits" language in section 918 (a) merely provides that judgments on supplementary compensation orders are appealable in the same manner as any judgment for damages in any civil action at common law. It assures the right of appeal from such judgments and provides that such appeals will be governed by the same procedures as are applicable to other civil actions. The statute neither states nor implies that attorney's fees cannot be awarded in section 918 actions. Moreover, defendant's interpretation of the statute is contradicted by the language of section 928 itself, which states that "if any proceedings are had before the Board or any court for review of a action, award, order, or decision," attorney's fees may be awarded by the appropriate reviewing body. 33 U.S.C. 1 928 (c) (emphasis added) .
 
 
 22
 The legislative history of section 928 indicates that the statute is designed to ensure that injured employees will recover the full amount contemplated by the Act and that the cost of legal services will not diminish the benefits recovered. It is also a clear expression of Congressional intent that employers should pay legitimate claims made by injured employees without lengthy and burdensome litigation. Oilfield Safety & Machine Specialties, Inc. v. Harman Unlimited, Inc., 625 F.2d 1248, 1257 (5th Cir. 1980). Those legislative objectives are best met by a construction of section 918 which allows for recovery of attorney's fees when claimants are forced to file a lawsuit in order to compel payment of supplementary compensation orders.
 
 
 23
 Although we have found that plaintiff may recover reasonable attorney's fees incurred as a result of the employer's appeal of the judgment on the supplementary compensation order to this Court, it is clear that plaintiff's pending motion cannot be granted, because it seeks an award of fees "for all services rendered and to be performed before the District Court and this Court until this case is concluded." As noted earlier in this opinion, plaintiff's failure to timely appeal the district court's denial of fees precludes this Court from awarding fees for services performed in that court. With regard to the awarding of fees for services performed in this Court, the motion seeks an order awarding fees "until this case is concluded," which presumably includes not only services performed in this appeal from the district court's judgment, but also services that may be rendered in any appeal from the final judgment of the Benefits Review Board. Because this Court will not approve the payment of attorney's fees for services that may be rendered in the future, plaintiff's pending motion must be denied.
 
 
 24
 For the reasons stated above, this Court approves the awarding of reasonable attorney's fees for services rendered in this Court in connection with the defendant's appeal from the judgment entered on the supplementary compensation award. However, in view of the fact that the award of such a fee can be made only "after the compensation order becomes final," 33 U.S.C. # 928 (a) , the denial of plaintiff's pending notion is without prejudice to plaintiff's filing a motion with the Benefits Review Board for the awarding of such a fee if the decision of the ALJ is affirmed by the Board on review. By this procedure, if plaintiff ultimately prevails before the Benefits Review Board on the merits of his claim and the employer appeals that decision to this Court, we will have before us not only the question of whether the Board's decision should be affirmed, but also, if that decision is affirmed by this Court, the reasonableness of attorney's fees for services rendered both in the appeal to the Board and in this Court on the appeal from the district court's judgment. If, an the other hand, the award of benefits by the ALJ is not affirmed by the Board or, if affirmed, is reversed by this Court, then plaintiff would not be entitled to the award of any attorney's fees in this case.
 
 
 25
 For the reasons stated herein, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 33 U.S.C. I 914(f) provides:
 If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at the same time as, but in addition to, such compensation, unless review of the compensation order making such award is had as pravided in section 921 of this title and an order staying payment has been issued by the Board or court.
 
 
 [2]
 33 U.S.C. I 918(a) provides in relevant part:
 In case of default by the employer in the payment of compensation due under any award of compensation for a period of thirty days after the compensation is due and payable, the person to whom such compensation is payable may, within one year after such default, make application to the deputy commissioner making the compensation order or a supplementary order declaring the amount of the default. After investigation, notice, and hearing, as provided in section 919 of this title, the deputy commissioner shall make a supplementary order, declaring the amount of the default, which shall be filed in the same manner as the compensation order. In case the payment in default is an installment of the award, the deputy commissioner may, in his discretion, declare the whole of the award as the amount in default. The applicant may file a certified copy of such supplementary order with the clerk of the Federal district court for the judicial district in which the employer has his principal place of business or maintains an office, or for the judicial district in which the injury occurred...Such supplementary order of the deputy commissioner shall be final, and the court shall upon the filing of the copy enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law. Review of the judgment so entered may be had as in civil suits for damages at common law....
 
 
 [3]
 33 U.S.C. 1 921(b) (3) provides:
 The Board shall be authorized to hear and determine appeals raising a substantial question of law or fact taken by any party in interest from decisions with respect to claims of employees under this chapter and the extensions thereof. The Board's orders shall be based upon the hearing record. The findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole. The payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless ordered by the Board. No stay shall be issued unless irreparable injury would otherwise ensue to the employer or carrier.
 The same standard is applicable to a request for a stay at the circuit court level. 33 U.S.C. 1 921(c).
 
 
 [4]
 See supra n. 1
 
 
 [5]
 Defendant argues that the Supreme Court's decision in Jackson v. Lyles Brothers Steamship Co., 386 U.S. 731 (1967), holding that an injured employee could sue a shipowner f 0 r unseaworthiness, compromises the theory that employees need immediate payment since the Act is no longer the employee's exclusive remedy for injury. Since the amendment to the Act forbidding stays of payment was enacted five years after the Jackson decision, this argument is without merit