**PROVIDENCE WASHINGTON INSURANCE CO., Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR and Constance Kain, Respondents.**

**No. 84-7459.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 1985.

Decided July 16, 1985.

---

Gregory J. Wall, Walsh, Margolis & Brousseau, Seattle, Wash., for petitioner.

Joshua T. Gillelan, II, Washington, D.C., for respondents.

Before ANDERSON and TANG, Circuit Judges, and TASHIMA, District Judge.*

TASHIMA, District Judge:

This is a petition to review a final order of the Benefits Review Board of the United States Department of Labor (the "Board") dismissing for lack of jurisdiction petitioner's appeal to the Board from a Deputy Commissioner's Supplementary Compensation Order, awarding 20 percent additional compensation pursuant to § 14(f) of the Longshoremen's and Harbor Workers' Compensation Act (the "LHWCA"), 33 U.S.C. § 914(f). In dismissing petitioner's appeal, the Board relied on *Tidelands Marine Serv. v. Patterson*, 719 F.2d 126 (5th Cir.1983) *("Tidelands")*, which held that the Board lacked jurisdiction to review supplemental orders finding employers in default of their obligation to pay additional compensation owing under § 914(f). Petitioner contends that the Board misconstrued the LHWCA in holding that it lacked jurisdiction to review a supplemental order awarding additional compensation under § 914(f). We affirm.

* The Honorable A. Wallace Tashima, United States District Judge, Central District of California, sitting by designation.

## BACKGROUND

This dispute arises from a Compensation Order of an Administrative Law Judge (the "ALJ"), entered on November 15, 1983, finding that respondent Constance Kain was entitled to disability payments from her employer, Marine Industries Northwest. Petitioner, the insurer of Marine Industries Northwest, filed both a motion for reconsideration and an appeal from the compensation order. On January 13, 1984, the ALJ denied the motion for reconsideration. Petitioner then filed an amended notice of appeal and that appeal remains pending before the Board.

On January 25, 1984, respondent Kain applied for a supplementary order for 20 percent additional compensation under 33 U.S.C. § 914(f), which provides:

> If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at the same time as, but in addition to, such compensation, unless review of the compensation order making such award is had as provided in section 21 and an order staying payments has been issued by the Board or court.

The Deputy Commissioner found that: (1) petitioner had not obtained a stay of its payment obligations under the November 15, 1983 compensation order; and (2) payment had not been made within 10 days, and held that petitioner was liable to Kain for the additional 20 percent under § 914(f). Petitioner appealed this supplementary order to the Board which, as noted, dismissed the appeal for lack of jurisdiction. Petitioner now seeks review of the Board's order dismissing the appeal. We have jurisdiction under 33 U.S.C. § 921(c).

## ISSUE

Whether the Board misconstrued the LHWCA, and thus erred, in holding that it

lacked jurisdiction to review supplementary orders awarding additional compensation under 33 U.S.C. § 914(f).

## STANDARD OF REVIEW

■ We review the Board's decision for errors of law. *Todd Shipyards Corp. v. Black,* 717 F.2d 1280, 1284 (9th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1910, 80 L.Ed.2d 459 (1984); *Duncanson-Harrelson Co. v. Director (OWCP),* 686 F.2d 1336, 1338 (9th Cir.1982), *vacated on other grounds,* 462 U.S. 1101, 103 S.Ct. 2446, 77 L.Ed.2d 1329 (1983). In doing so, however, because the Board does not make policy, its interpretations of the LHWCA are not entitled to any special deference. *Potomac Elec. Power Co. v. Director (OWCP),* 449 U.S. 268, 101 S.Ct. 509, 66 L.Ed.2d 446 (1980); *Duncanson-Harrelson Co.,* 686 F.2d at 1339.

## DISCUSSION

■ The LHWCA contains two distinct methods of obtaining review and enforcement of compensation orders. Petitioner asserts that supplementary orders assessing § 914(f) additional compensation are reviewable by the Board under 33 U.S.C. § 921(b)(3). Only after Board review, according to petitioner, could the claimant take the supplementary order to the United States District Court for enforcement. 33 U.S.C. § 921(d). The respondent Director ("respondent") adopting the position of the Board and the Fifth Circuit in *Tidelands,*[1] argues that § 914(f) penalty orders are to be treated as orders entered under 33 U.S.C. § 918. Section 918 orders are final when issued and are not subject to review by the Board. Review of such orders is available only in an enforcement proceeding in the district court. The district court's role in such a proceeding is to deter-

mine whether the order was issued in accordance with law. Review of any judgment entered by the district court "may be had as in civil suits for damages." 33 U.S.C. § 918(a).

■ The abbreviated § 918 procedure is limited to situations where the employer's liability already has been determined under a compensation order and the employer is in default of its payment obligations under that order:

> In case of default by the employer in the payment of compensation due under any award of compensation for a period of thirty days after the compensation is due and payable, the person to whom such compensation is due may ... make application to the deputy commissioner ... for a supplementary order declaring the amount of the default....

33 U.S.C. § 918(a). Petitioner has misconstrued this section in arguing that it only applies to "final" compensation orders. Compensation is "due" under this provision when the underlying compensation order becomes "effective." *Tidelands,* 719 F.2d at 127 n. 1; *Arrow Stevedore Co. v. Pillsbury,* 88 F.2d 446, 447 (9th Cir.1937). An order becomes "effective" when filed in the office of the Deputy Commissioner; it does not become "final" until after appeal or after 30 days if no appeal is filed. 33 U.S.C. § 921(a). Thus, an employer is bound to pay an award even if an appeal is pending unless a stay is obtained.[2]

The LHWCA is explicitly designed to encourage the prompt payment by employers of obligations under a compensation order notwithstanding the existence of an appeal. *See* H.Rep. No. 92–1441, 1972 *U.S.Code Cong. & Ad.News* 4698, 4709–10. Where employers fail to meet their obligations, § 918 constitutes "a quick and inexpensive

---

**1.** Respondent also has cited *Jones & Laughlin Steel Corp. v. Wertz,* 720 F.2d 324 (3d Cir.1983) (per curiam), for the same proposition. However, it is impossible to discern from the opinion what provisions were at issue in the case. Respondent has appended to his brief a copy of the supplementary order at issue in that case and it appears to involve the same issue present in the case at bench. All of the parties con-

ceded that the Board lacked jurisdiction to review the order in question. *Id.* at 325.

**2.** The LHWCA provides that no stay will issue "unless irreparable injury would otherwise ensue to the employer or the carrier." 33 U.S.C. § 921(c).

mechanism for the prompt enforcement of unpaid compensation awards...." *Tidelands*, 719 F.2d at 129. The principal differences between § 918 orders and § 921 orders are: (1) orders issued under § 918, unlike § 921 orders, are not appealable to the Board; (2) § 918 orders are final when issued unlike § 921 orders which do not become final until after 30 days or, if appealed, after appeal; and (3) as a result, § 918 supplementary orders can immediately be filed with the federal district court for enforcement. Thus, it is apparent that under § 918 the claimant is provided with a quicker and less cumbersome mechanism for enforcing compensation awards.

 Section 914(f) is in essence a penalty provision that will apply in every instance (except where a stay is granted) where the employer fails to pay an award within 10 days after it has become due. The Fifth Circuit in *Tidelands* termed § 914(f) "self-executing" in that "the 20 percent additional compensation automatically becomes due immediately upon the expiration of the ten-day period...." 719 F.2d at 128 n. 2. *See also Overseas African Constr. Co. v. McMullen*, 367 F.Supp. 202, 207 (S.D.N.Y.1973), *aff'd in part and rev'd in part on other grounds*, 500 F.2d 1291 (2d Cir.1974) (provision is "mandatory"). Indeed, the provision does not vest the Deputy Commissioner with any discretion. As the proceedings below demonstrate, his role is limited to making the following determinations: (1) that payment under a compensation award has become due; (2) that since payment has become due ten days elapsed without the employer either making a payment or obtaining a stay; and (3) the amount due and the calculation of the 20 percent penalty. The only difference between the § 914 determination and the standard declaration of default under § 918, is that in the former, the Deputy Commissioner must calculate the 20 percent to be added to the amount in default.

 As stated, the Board relied on *Tidelands* in dismissing petitioner's appeal. In *Tidelands*, on the claimant's request, the Deputy Commissioner "notified" the insurer that 20 percent additional compensation was due to the claimant under § 914(f). More than 30 days thereafter, the Deputy Commissioner issued an "Award of Compensation Under Section [9]14(f)," finding the employer in default in the payment of the additional compensation. 719 F.2d at 128. In the Fifth Circuit's view, this second order was not a § 914(f) order:

> Although the deputy commissioner entitled his order an "Award of Compensation Under Section [9]14(f)," and although the Benefits Review Board on appeal referred to the order merely as being one based upon a "Section [9]14(f) assessment," it is clear that in substance the order was a "supplementary order declaring the amount of the default" within the meaning of Section 18(a) of the LHWCA, 33 U.S.C. § 918(a) ... For jurisdictional purposes we view the order appealed from as a § 918(a) compensation default order.

719 F.2d at 128 n. 3. The case at bench differs procedurally from *Tidelands* in that there was not, first, a "notice" of additional compensation, followed by a "supplementary" default order. Here, in effect, the notice and order were combined into a single "supplementary compensation order." Thus, the appeal to the Board was taken directly from the additional compensation order. Respondent contends that the supplementary compensation order at issue is a § 918 order declaring default of the underlying compensation award. In determining the amount of such default, respondent argues, the Deputy Commissioner may compute first any amounts not paid under the underlying compensation order and second any amounts that may have "automatically" become due pursuant to § 914(f). We agree.

Section 914(f) states that the 20 percent additional compensation "shall be paid at the same time as, but in addition to," the unpaid compensation. The section does not, itself, provide for the issuance of any orders. Consequently, the order had to have been issued under either § 918 or § 921. Under § 918 the claimant could in

one proceeding obtain a supplementary order declaring both the amount unpaid under a compensation order and the 20 percent additional compensation under § 914(f). The two determinations could then without delay be presented to the district court for enforcement in a single proceeding.

On the other hand, if § 914(f) supplementary orders were subject to § 921 procedures, it would be far more difficult and cumbersome for a claimant to collect both awards at the same time. Under this scheme, if the claimant were to receive supplementary orders both for the amount in default on the initial compensation order and for the 20 percent additional compensation, the former would be immediately enforceable under § 918 in district court. However, on the latter, if issued pursuant to § 921, the claimant would have to wait an additional 30 days and then return to the Deputy Commissioner for a second supplementary order under § 918 declaring the default of the first supplementary order. This latter scheme is obviously needlessly duplicative and time consuming and completely at variance with Congress' intent. See Tidelands, 719 F.2d at 129 ("[A] quick and inexpensive mechanism for the prompt enforcement of unpaid compensation awards" is "a theme central to the spirit, intent, and purposes of the LHWCA"). Thus, § 918 enforcement of additional compensation awards under § 914(f) far better meets the Congressional purpose of a quick and streamlined mechanism for the collection of compensation under the LHWCA. We, therefore, agree with the Fifth Circuit in Tidelands that although the Deputy Commissioner mischaracterized his supplementary compensation order as an order made under § 914(f), "in substance the order was a 'supplementary order declaring the amount of the [additional] default' within the meaning of Section 18(a) of the LHWCA, 33 U.S.C. § 918(a) . . . ." 719 F.2d at 128 n. 3.

Petitioner argues that if this Court were to uphold the Board's ruling, much of the administrative appeals structure established by Congress in the 1972 Amendments to the LHWCA would be undermined. The argument is meritless. The Board's function is to determine appeals raising a substantial question of law or fact. 33 U.S.C. § 921(b)(3). Moreover, orders declaring defaults are not appealable. 33 U.S.C. § 918(a). As noted above, an order awarding 20 percent additional compensation under § 914(f) is nothing more than a standard default order, plus an additional arithmetic computation. Like the standard default order, it does not raise substantial issues of law or fact. Conceivably, computational problems could arise. However, these could be easily resolved at the enforcement stage in federal district court without resort to a full administrative appeal.

Petitioner's attempt to distinguish the standard § 918 default order from the § 914(f) order in that the former awards "existing compensation" while the latter awards "additional compensation" is also meritless. It is worth reiterating that § 914(f) rejects such a distinction in requiring that both forms of compensation be paid at the same time. Moreover, the distinction is merely semantic. Both the § 914(f) award and the standard § 918(a) default award are purely mechanical and are based on an appealable prior compensation order that resolves the substantive rights of the parties. Upholding the Board's dismissal in this case would in no way interfere with any party's appeal to the Board of any substantive issues raised by the initial compensation order.

## CONCLUSION

■ We conclude that the Board was correct in determining that it lacked jurisdiction to hear appeals of supplementary orders deciding amounts in default pursuant to § 914(f). The Board's decision is, therefore, affirmed and the petition for review is denied.