

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-1994

# Sea-Land Svc. v. Barry

Precedential or Non-Precedential:

Docket 94-3026

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation

"Sea-Land Svc. v. Barry" (1994). *1994 Decisions.* Paper 212.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/212

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 94-3026


SEA-LAND SERVICE, INC.
                    Petitioner
                v.

JAMES BARRY AND DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR


PETITION FOR REVIEW OF THE DECISION AND ORDER OF
THE BENEFITS REVIEW BOARD
BRB Docket No. 92-1238


Argued: August 9, 1994
Before:  MANSMANN, COWEN and McKEE, <u>Circuit</u> <u>Judges</u>.

(Filed:  December 7, 1994)


                    KEITH L. FLICKER, ESQ. (ARGUED)
                    RICHARD L. GARELICK, ESQ.
                    Flicker, Garelick & Associates
                    641 Lexington Avenue
                    New York, New York 10022

                    <u>Counsel for Petitioner</u>

                    JAMES R. CAMPBELL, ESQ.
                    EILEEN K. CAMPBELL, ESQ.
                    109 Lafayette Street
                    Suite 807
                    New York, New York  10013

                    <u>Counsel for James Barry</u>

                    THOMAS S. WILLIAMSON, JR.
                    Solicitor of Labor
                    CAROL A. DE DEO

Associate Solicitor
JOSHUA T. GILLELAN II (ARGUED)
Senior Attorney
Office of the Solicitor
U.S. Department of Labor
S-4325 Frances Perkins Building
200 Constitution Avenue, N.W.
Washington, D.C. 20210

Counsel for the Director, OWCP

OPINION OF THE COURT

McKEE, Circuit Judge.

Sea-Land Service, Inc. seeks review of an order of the United States Department of Labor Benefits Review Board which affirmed the adverse decision of an Administrative Law Judge. The ALJ held that Sea-Land was liable for a twenty percent penalty on an overdue compensation award under § 14(f) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, et seq. (1988) (the "Act" or the "LHWCA"). For the reasons that follow, we will deny the petition for review and affirm the decision of the Board.

I.

James Barry filed an occupational disease claim for $4,090.51 against Sea-Land under the LHWCA. On January 2, 1991, Sea-Land's counsel submitted a stipulation memorializing the parties' settlement of Barry's claim to Administrative Law Judge Ralph A. Romano who was then presiding over the matter. The ALJ

approved the terms of this settlement in an Order Approving Settlement which was filed in the office of the district director on Tuesday, January 15, 1991. On that same date the order was sent to the parties by certified mail.

On Friday, January 25, 1991, a copy of the ALJ's Order Approving Settlement was received in the office of Crawford & Company, Sea-Land's adjuster for workers' compensation claims. Crawford and Company made payment on Sea-Land's behalf in accordance with the terms of settlement by a check dated January 30, 1991. The check was probably mailed to Barry the same day.[1]

Barry subsequently asserted that Sea-Land's payment had been untimely and petitioned the district director to assess a twenty percent penalty against Sea-Land under 33 U.S.C. § 914(f) ("§ 14(f)" of the Act).[2] The district director granted the request and ordered Sea-Land to pay the additional twenty percent penalty, which amounted to $818.10. Sea-Land disputed Barry's entitlement to the penalty, and the matter was ultimately

---

[1] The ALJ made no finding on whether the check was mailed the same day it was drawn; the evidence showed only that it was Crawford & Company's usual business practice to mail such checks on the same day the order is received in Crawford's offices.

[2] Section 14(f) of the LHWCA provides in relevant part:

> If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, . . . unless review of the compensation order making such award is had as provided in section 921 of this title and an order staying payment has been issued by the Board or the court.

referred to the Office of Administrative Law Judges for a hearing. After conducting a formal hearing, ALJ Paul H. Teitler issued a decision and order on March 2, 1992, in which he ruled against Sea-Land and imposed the twenty percent penalty.

Sea-Land paid the penalty but appealed the ALJ's decision to the Board. On December 30, 1993, the Board affirmed the decision and order of ALJ Teitler and modified the award to reflect Barry's entitlement to interest on the late penalty payment. This appeal followed. We have jurisdiction under 33 U.S.C. § 921(c).

## II.

We first address the Director's challenge to the Board's jurisdiction, and thus to our jurisdiction to review the Board's order. Section 921(b)(3) of the Act provides that "[t]he Board shall be authorized to hear and determine appeals raising a substantial question of law or fact taken by any party in interest from decisions with respect to claims of employees under this chapter . . . ." Once the Board has rendered a decision, "[a]ny person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred . . . ." 33 U.S.C. § 921(c).

The Director contends that the order imposing a penalty under § 14(f) is a "supplementary order declaring the amount of the default" under § 18(a). Section 18(a) provides in part as follows:

> In case of default by the employer in the payment of compensation due under any award of compensation . . . the person to whom such compensation is payable may . . . make application to the deputy commissioner making the compensation order [f]or a supplementary order declaring the amount of the default. . . . The applicant may file a certified copy of such supplementary order with the clerk of the Federal district court . . . . Such supplementary order of the deputy commissioner shall be final, and the court shall upon the filing of the copy enter judgment for the amount declared in default by the supplementary order . . . . Review of the judgment so entered may be had as in civil suits for damages at common law.

33 U.S.C. § 918(a) (1988). The Director argues that such an order is enforceable in district court proceedings but that such enforcement is outside the review jurisdiction of the Board.

In essence, the Director maintains that payment under a § 18(a) order without initiating enforcement proceedings in the district court constitutes a waiver of any objection to the validity of the § 18(a) award. Thus, the Director urges that, rather than paying the § 14(f) penalty, Sea-Land should have refused to pay and thereby compelled the Director to enforce the order in a district court enforcement proceeding. We disagree.

The Director's logic would require an employer to deliberately withhold payment to a claimant in order to force litigation in a district court. The claimant would then have to await the outcome of that litigation before receiving his or her payment. This result is inconsistent with the underlying compensatory philosophy of the Act. The LHWCA seeks to protect claimants and provide effective and expeditious compensation to

those who are entitled to it. See Strachan Shipping Co. v. Hollis, 460 F.2d 1108, 1114 & n.9 (1972).

It would be counterproductive for us to conclude that an employer who disagrees with a compensation order must withhold payment thereby forcing the claimant to initiate enforcement proceedings in order to have the validity of the award reviewed. The purpose of the Act is to place the compensation award in the hands of the entitled claimant as soon as possible. See id.; Arrow Stevedore Co. v. Pillsbury, 12 F. Supp. 920, 922 (N.D. Cal. 1935); aff'd, 88 F.2d 446 (9th Cir. 1937). The Act's provision regarding enforcement proceedings applies only "[i]f an[] employer . . . fails to comply with a compensation order." 33 U.S.C. § 921(d). The Act provides in relevant part as follows:

> If any employer or his [or her] officers or agents fails to comply with a compensation order making an award, that has become final, any beneficiary of such award or the [district director][3] making the order, may apply for the enforcement of the order to the Federal district court for the judicial district in which the injury occurred.

Id. (emphasis added). The decision of the district court can then be appealed to the appropriate court of appeals, thereby giving two levels of appeal. However, when an employer pays the § 14(f) penalty in accordance with the objectives of the statute, but disputes the validity of that award, there is no need for an

---

[3] Pursuant to 20 C.F.R. § 702.105, the term "district director" has been substituted for the term "deputy commissioner" which is used in the statute.

enforcement action in a district court, and the language of the statute does not provide for one in that instance.

Once the award has been paid, review is not available (and is not warranted) in a district court enforcement proceeding. Thus, we must conclude that Congress intended to provide that an aggrieved party could pay a penalty under § 14(f) and then challenge the propriety of the assessment of that penalty in a proceeding brought before the Benefits Review Board. Section 921(c) then allows the aggrieved party to appeal the Board's decision to the appropriate court of appeals. Accordingly, the Board properly held that it had jurisdiction to decide this appeal from the decision of the ALJ.

III.

The central issues in this case involve the application of the Federal Rules of Civil Procedure to the LHWCA. Rule 81(a)(6) provides that the Rules apply to "proceedings for enforcement or review of compensation orders" under the LHWCA (§§ 18 and 21 of the Act).[4] Fed. R. Civ. P. 81(a)(6). That Rule is not, however, intended to extend the scope of the Rules beyond their intended application to "procedure in the United States district courts in all suits of a civil nature." Fed. R. Civ. P.

_____

[4] "Although § 914 is not mentioned specifically in Rule 81(a)(6) . . . [an order based upon] `a "Section 14(f) assessment" . . . [is] a "supplementary order declaring the amount of the default" within the meaning of Section 18(a) of the LHWCA.'" Quave v. Progress Marine, 912 F.2d 798, 800 (5th Cir. 1990), cert. denied, ___ U.S. ___, 111 S. Ct. 2012 (1991) (quoting Lauzon v. Strachan Shipping Co., 782 F.2d 1217, 1219 (5th Cir. 1985)).

1.    Payment of the award at issue here did not involve a "procedure in the United States district courts" and the Director therefore argues that the Rules do not apply to the computation of timeliness for such payment.  However, we need not decide the issue of the general applicability of the Rules to the instant penalty assessment because, assuming arguendo that the Rules do apply, Sea-Land still cannot prevail.

## A.

Federal Rule of Civil Procedure 6(a) provides in pertinent part:

> In computing any period of time prescribed . . . by these rules . . . the day of the act . . . from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or a legal holiday . . . in which event the period runs until the end of the next day which is not one of the aforementioned days.  When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

Rule 6(a) would require that five days be excluded from the computation of timeliness.[5]  Accordingly, if Rule 6(a) applies, Sea-Land would have mailed payment on the tenth day.  Sea-Land further asserts that it should be afforded an additional 3 days

---

[5] There were five days falling either on a weekend or on a holiday (Martin Luther King's Birthday) between Tuesday, January 15, 1991 (the date the Order Approving Settlement was filed in the office of the district director) and Wednesday, January 30, 1991 (the date Crawford & Company issued the compensation check).

to pay Barry under Rule 6(e) and that its payment was, therefore, timely.

> Rule 6(e) provides:
> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period <u>after the service of a notice or other paper upon the party</u> and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

Fed. R. Civ. P. 6(e) (emphasis added).  Thus, if Rule 6(e) applies, Sea-Land would be allowed an additional 3 days for delivery of the check to Barry.  We conclude, however, that Rule 6(e) does not apply.

B.

Rule 6(e) is triggered by the requirement of "service of a notice or other paper."  There is no such condition in the LHWCA.  Section 14(f) of the Act requires that a 20 percent penalty be added if compensation is not paid within "ten days <u>after it becomes due</u>" (emphasis added).  A compensation order becomes "due" or "effective when filed in the office of the deputy commissioner."  33 U.S.C. § 921(a).  <u>See also</u> <u>Lauzon v. Strachan Shipping Co.</u> 782 F.2d 1217, 1220 (5th Cir. 1985) ("`The term `effective' in § 921(a) is equivalent to the terms `due' and `due and payable' in §§ 914(f) and 918(a), respectively.' Consequently the time for payment started running when the award was filed, and not when [the employer] was served.") (citation omitted).  The Board correctly surmised the relevant distinction between the language in Rule 6(e) and the requirements of §

14(f).  Citing the Fifth Circuit's ruling in Lauzon, the Board stated that "Rule 6(e) is inapplicable in cases involving Section 14(f) as it requires an action to occur within 10 days of filing and not 10 days of service as contemplated by Rule 6(e)."  Barry v. Sea-Land Servs., Inc., 27 BRBS at 263.

Sea-Land claims that the Board erred in not considering that the compensation order must be served on the claimant and the employer before it is "filed" under § 19(e) of the LHWCA.  In essence, Sea-Land argues that the filing, and the service of a compensation order, are inseparable.  This interpretation is strained as it is contrary to the plain meaning of § 19(e).  See Bethlehem Steel v. OSHA, 573 F.2d 157, 161 (3d Cir. 1978) (a statute cannot be interpreted in a manner that strains "the plain and natural meaning of words").  The Act does not define "filing" but it is clear that filing and mailing are two distinct procedures, and that service is not necessary to trigger the ten day payment period.

Our analysis is further illuminated by the language of the regulation implementing § 19(e). That regulation provides that upon receipt of a compensation order from an administrative law judge,

> the district director . . . shall formally date and file the transcript, pleadings, and compensation order (original) in his [or her] office.  Such filing shall be accomplished by the close of business on the next succeeding working day, and the district director shall, on the same day as the filing was accomplished, send by certified mail a copy of the compensation order to the parties and to representatives of the parties, if any.

20 C.F.R. § 702.349 (1994) (emphasis added).  Thus, although the order must be mailed on the same day that it is filed, the act of filing the order is what triggers the employer's duty to make payment in accordance with the order.

This interpretation is consistent with that of the Court of Appeals for the Seventh Circuit in Jeffboat, Inc. v. Mann, 875 F.2d 660 (7th Cir. 1989).  In a similar situation, the court in Jeffboat ruled that the thirty-day period for filing an appeal under § 21(a) began to run on the date the judge's order was filed in the office of the deputy commissioner; not on the date copies of the order were mailed to the parties.  Id. at 664. Specifically, the court stated "we hold that the Deputy Commissioner's failure to mail a copy of the ALJ's order to Jeffboat's counsel did not prevent the order from being 'filed' and becoming effective, and thus [the employer's] notice of appeal from that order was untimely." Id.  The court noted that "the language of [20 C.F.R. § 702.349] does not make proper mailing part of filing: the regulation mandates that the copies be sent `on the same day as the filing was accomplished'; if filing is not complete until copies are mailed to the parties' representatives, the distinction would make no sense."  Id. at 663.  We agree.

Rule 6(e) does not apply and Sea-Land's payment, (though arguably mailed on the tenth day under Rule 6 (a)) was nevertheless not timely unless Sea-Land "paid" Barry when the check was mailed, and not when it was received by Barry.

IV.

Sea-Land argues that compensation under the Act is "paid" when the check is mailed not when it is received by the claimant, and that we must reject the Board's ruling to the contrary. We have previously stated that "`[p]ayment on a check that is not post-dated is effective as of the date the check is delivered," Staff Builders, Inc. v. Koschitzki, 989 F.2d 692, 695 (3d Cir. 1993).

Although we have not previously addressed this issue directly, our determination that the "receipt rule" determines when a claimant is "paid" under § 14(f) is consistent with prior rulings of the Board. "[W]e note that the Board has previously considered and rejected employer's argument that payment should be considered to have been made on the date the check was placed in the mail instead of the date claimant received the check." Matthews v. Newport News Shipbuilding and Dry Dock Co., 22 BRBS 440, 442 (1989) (citing McKamie v. Transworld Drilling Co., 7 BRBS 315 (1978)). Although we are not bound by decisions of the Board, they are nevertheless helpful to our present analysis.

Our analysis is also consistent with the general common law principle that "[p]ayment is not effectuated by sending the amount due to the creditor by mail or other public carrier until the remittance gets into the hands of the creditor." 70 C.J.S. Payment § 9 (1987) (footnotes omitted). As previously noted, Sea-Land did not mail Barry's check until January 30, 1991, which was the last possible date for payment if Rule 6(a) applies. We assume (as did the Board) that the payment was not received on

the same day it was mailed.  Accordingly, it was received beyond the tenth day and was therefore not timely.[6]

We are not unsympathetic to Sea-Land's assertion of the unfair and often impractical results of penalizing an employer for circumstances which may be well beyond the employer's control.  We agree that the "receipt rule" could "be impractical and inequitable by very often placing employers in positions where they would be exposed to the Section 14(f) penalty through absolutely no fault of their own."  Petitioner's Brief at 13.  Indeed, this case is just such an example as Barry's check was apparently mailed on the same day that Crawford received the order for payment.

Such equitable complaints are not new, and although we are sympathetic, we are bound by the statute before us.  Moreover, similar complaints about the inequities of the "receipt rule" have been rejected by other courts of appeals.  In Lauzon, the Court of Appeals for the Fifth Circuit responded to such complaints by stating "that section 914(f) does not admit to an exception for late payment for equitable reasons." Lauzon, 782

---

[6]     Our definition of "payment" is also informed by the New York decisions construing that term because the compensation award was mailed to Barry at his New York address. See South American Petrol. Corp. v. Columbian Petrol. Co., 31 N.Y.S.2d 771, 773-74 (N.Y. Sup. Ct. 1941).  Under New York law, a check is not considered absolute payment until it is honored by the drawee bank. Demerritt v. Levitt, 419 N.Y.S.2d 319, 320 (N.Y. App. Div.) appeal denied 423 N.Y.S.2d 1025 (1979).
    Once a check has been paid by the drawee bank, the date of payment for purposes of timeliness relates back to the date the check was received by the payee, not the date of mailing. Duke v. Sun Oil Co., 320 F.2d 853, 861 (5th Cir. 1963).

F.2d at 1222[7] .  The court held that the twenty-percent penalty of § 914(f) is "self-executing" and automatically becomes due upon the expiration of the ten-day period.  In essence, it is a non-discretionary penalty that applies in every instance in which payment is overdue.  See id.  See also Providence Washington Ins. Co. v. Director, OWCP, 765 F.2d 1381, 1385 (9th Cir. 1985).

It is by now axiomatic that "the judiciary may not sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines." City of New Orleans v. Dukes, 427 U.S. 297, 303 (1976).  Absent ambiguity in the statute, we cannot allow policy to guide our analysis.  See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984) (the first step in judicial statutory construction is always to look at the text of the statute and to stop there if the text reveals the "unambiguously expressed intent of Congress").  We are not at liberty to ignore the unambiguous mandate of this statute, nor are we free to re-evaluate the relative burdens and benefits of a balance that Congress has struck.  See Long Island Oil Products Co. v. Local 553 Pension Fund, 775 F.2d 24, 29 (2d Cir. 1985).

---

[7] In Lauzon, the employer prepared the claimant's check on time and held the check at the employer's office as an accommodation to the claimant. When claimant failed to pick up the check the employer called the claimant and left a message with claimant's wife. However, she forgot to tell claimant that the check was ready. When the employer called back, yet again, and offered to hand deliver the check the ten day period had expired, and the claimant instructed his wife not to accept the payment.

Sea-Land has justifiable complaints and fairly expresses the inequities and problems built into this statute, but those complaints must be addressed to Congress and not the courts.

More than ten days lapsed between the date payment became due on January 15, 1991 and the date payment was received by Barry. Thus, the Board's decision affirming the imposition of the penalty was proper.

V.

Finally, Sea-Land contests the Board's decision to award Barry post-judgment interest. Sea-Land argues that there is no express statutory authority for an award of interest on overdue compensation. The Director counters that the Act should be construed to allow interest awards on overdue compensation and urges us to affirm the Board's decision which relied upon the ruling of the Court of Appeals for the Ninth Circuit in Foundation Constructors, Inc. v. Director, OWCP, 950 F.2d 621 (9th Cir. 1991). There, the court held that where substantial evidence exists to support a finding that a claimant was injured and was entitled to disability compensation under the LHWCA, and the employer did not timely pay the disability compensation, interest accrued on the overdue compensation. Id. at 625. We are in agreement with the following reasoning of the court in Foundation Constructors:

> It is a truism that a dollar tomorrow is not worth as much as a dollar today. Allowing an employer to delay compensation payments interest-free would reduce the worth of such payments to the claimant, undermining the remedial intent of the Act. We believe that the Director's construction that interest may

> be required on past-due compensation is
> reasonable and consistent with the ends of
> the Act.

Id.  See also Quave v. Progress Marine, 912 F.2d 798, 801 (5th Cir. 1990), cert. denied, ___ U.S. ___, 111 S. Ct. 2012 (1991); Newport News Shipbuilding & Dry Dock v. Director, OWCP, 594 F.2d 986, 987 (4th Cir. 1979).  Accordingly, we uphold the Board's award of interest to Barry.


                                VI.

     For the reasons stated above, we will deny the petition for review of the Board's decision. In doing so, however, we can only hope that Congress will address the problems built into this statute.  AFFIRMED.