**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BETHLEHEM STEEL CORPORATION,
Petitioner,

v.

ELOAH EL-EMANU-EL; DIRECTOR,

OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

No. 96-2345

On Petition for Review of an Order
of the Benefits Review Board.
(93-2347)

Submitted: August 29, 1997

Decided: September 19, 1997

Before HALL, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard W. Scheiner, SEMMES, BOWEN & SEMMES, Baltimore,
Maryland, for Petitioner. Bernard G. Link, Lutherville, Maryland, for
Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bethlehem Steel Corporation ("Bethlehem Steel") petitions for review of a decision and order of the Benefits Review Board affirming an order of an Administrative Law Judge that awarded interest on benefits granted to Eloah El-Emanu-El under the Longshore and Harbor Worker's Compensation Act ("the Act"), 33 U.S.C.A. §§ 901-950 (West 1986 & Supp. 1997). Although Bethlehem Steel does not dispute the grant of benefits, it contends that the award of interest was improper. Based on precedent in this court and other circuits, we disagree. Consequently, we affirm.

As Bethlehem Steel correctly notes, the Act is silent regarding interest payments on past due compensation awards. However, courts that have addressed this issue, including this court, have permitted such awards. See Sea-land Serv., Inc. v. Barry , 41 F.3d 903, 910-11 (3d Cir. 1994); Foundation Const., Inc. v. Director, 950 F.2d 621, 625 (9th Cir. 1991); Quave v. Progress Marine , 912 F.2d 798, 801 (5th Cir. 1990); Newport News Shipbuilding & Dry Dock Co. v. Director, 594 F.2d 986, 987 (4th Cir. 1979); Newport News Shipbuilding & Dry Dock Co. v. Graham, 573 F.2d 167, 171 (4th Cir. 1978). Assessment of interest in these situations is proper because after the compensation is due but unpaid, the employer has use of money owed to the claimant. See Newport News Shipbuilding & Dry Dock Co. v. Director, 594 F.2d at 987. Accordingly, the assessment of interest on past due compensation was appropriate in this case.

For this reason, we affirm the order of the Benefits Review Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED