61 F.Supp.2d 1144 (1999)
In the Matter of the Claim for COMPENSATION UNDER the LONGSHORE AND HARBOR WORKERS' COMPENSATION ACT.
John L. Zea, Claimant,
v.
West State, Inc., Cascade General & Northwest Marine Iron Works, Employers,
and
Eagle Pacific Insurance Inc., SAIF Corporation, Fireman's Fund Company & Legion Insurance Co., Carriers.
No. 3-99-13-MISC-CV.
United States District Court, D. Oregon.
August 25, 1999.
*1145 Delbert J. Brenneman, Hoffman, Hart & Wagner, Portland, OR, Karen O'Kasey, Schwabe Williamson & Wyatt, Portland, OR, for West State Inc., Eagle Pacific Ins. Inc. and Fireman's Fund Co. & Legion Ins. Co.
Floyd H. Shebley, Oregon City, OR, for John L. Zea.

OPINION AND ORDER
ROBERT E. JONES, District Judge.
John Zea, an injured employee, initiated this action under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 et seq, by filing an injury claim against Fireman's Fund Company ("FF"), the Longshore and Harborworkers' insurer for Zea's former employer West State, Inc. ("WSI"), and other employers and their insurers. Zea's claim proceeded administratively until June 1998, when an Administrative Law Judge ("ALJ") approved a settlement, which, as relevant here, awarded Zea lump sum payments of $69,250 and $5,000 against FF/WSI and Eagle Pacific Insurance Company ("EPI")/WSI, respectively.
The case is before this court on FF/WSI's and EPI/WSI's appeal from a Supplementary Order Declaring Default Pursuant to Section 14(f), entered by the District Director of the Office of Workers' Compensation Programs ("OWCP") on March 10, 1999. For the reasons stated below, I conclude that the order appealed is in accordance with law and should be enforced. Accordingly, the appeal is denied.

JURISDICTION
FF/WSI and EPI/WSI cite 33 U.S.C. § 918(a) as granting this court jurisdiction to hear the appeal. The plain language of section 918(a), however, seems to permit only the employee (i.e., the "applicant") to seek district court enforcement of a supplemental order entered pursuant to section 914(f); the statute is silent with respect *1146 to the employer's or carrier's right to initiate an appeal in district court.
On the other hand, in Providence Washington Ins. Co. v. Director, 765 F.2d 1381 (9th Cir.1985), the Ninth Circuit held that the Benefits Review Board does not have jurisdiction under section 921(b)(3) to review section 914(f) penalty orders, rather, "[r]eview of such orders is available only in an enforcement proceeding in the district court [under section 918]." 765 F.2d at 1384. Taken literally, the court's ruling effectively would preclude an employer or carrier from obtaining review of section 914(f) penalty orders in either administrative or district court proceedings.
I need not, however, resolve this procedural conundrum. In his response to the employer/carriers' appeal, claimant argues that the court should enforce the supplemental order. To the extent jurisdiction is in doubt, I will construe claimant's enforcement request as sufficient to invoke this court's jurisdiction under section 918(a). Accordingly, I turn to the merits of the parties' arguments.

FACTUAL BACKGROUND
The historical facts relevant to this appeal begin with the ALJ's approval of the settlement on June 3, 1998. On June 8, 1998, OWCP mailed the Order Approving Settlement to the parties. The certificate of filing attached to the Order listed an old and incorrect address for claimant Zea. FF received the Order on June 10, 1998, and immediately issued and mailed a check to claimant at the erroneous address. Evidently, it was not until June 24, 1998,[1] that claimant's counsel notified FF's counsel that claimant had not received the settlement check and provided claimant's current address. FF then canceled the first check and on June 26, 1998, mailed a second check to claimant at the correct address.
The correspondence between the OWCP and the parties (Exhibits B-D to Fireman's Fund's Brief on the Merits), reveals that on June 27, 1998, claimant wrote to the OWCP District Director and requested issuance of an order requiring FF/WSI and EPI/WSI to pay claimant a 20 percent penalty on the amounts owed. FF responded, explaining that it had relied on the incorrect address given by OWCP and that once FF discovered the mistake, it immediately mailed a check to the correct address.
On August 4, 1998, claimant's counsel again wrote the District Director. Among other things, counsel explained that:
Claimant admits that he did not provide his "new" address to WSI/Firemans['] Fund. However, noone [sic] from WSI/Firemans' Fund verified his address with claimant or with me prior to mailing his check to an address he had not lived at in over a year.
It was no secret he had moved; Mr. Zea was deposed by the three attorneys for the other parties to this litigation on November 24, 1997, and advised them of his new address at that time. Similarly, claimant submitted a Pretrial Statement on January 23, 1998, and this, too, advised the other three parties of his correct address.
Fireman's Fund's Brief on the Merits, Exhibit D.
On March 10, 1999, OWCP issued a Supplementary Order Declaring Default Pursuant to Section 14(f). In the order, the District Director found (in essence) that (1) pursuant to the June 8, 1998, compensation order, WSI/FF owed $69,250 and WSI/EPI owed $5,000, and (2) claimant received WSI/EPI's payment on June 26, 1998, and WSI/FF's payment on July 1, 1998. Based on those findings, the District Director made the following determination of law and declaration of default:
The Employer and Carrier's [sic] failed to pay the amount due to the claimant within ten days, and additional compensation therefore fell due under the *1147 award by operation of law pursuant to Section 14(f). Payment had to be made "within ten days" of the date the award was filed in this office * * *. Payment was not effected until that time had expired. Upon such expiration, the additional amount referred to in 14(f) became payable * * *. Although the principal amount was thereafter paid, the additional amount was not paid at the same time, and is in default.
Employer/Carrier's Notice of Appeal, Attachment.[2] Based upon that legal determination, the District Director declared statutory 20 percent penalties of $13,850 against WSI/FF, and $1,000 against WSI/EPI.[3]

STANDARD OF REVIEW
The district court's limited role in an enforcement proceeding under section 918(a) is to determine whether the challenged order was "issued in accordance with law." Providence Washington, supra, 765 F.2d at 1384; 33 U.S.C. § 918(a); see also Schmit v. ITT Federal Elec. Intern., 986 F.2d 1103, 1106 (7th Cir.1993)(confirming limited scope of district court review). This court may not consider the procedural or substantive validity of the underlying compensation order. Schmit, 986 F.2d at 1106. Thus, a supplementary order of default issued in compliance with the legal requirements of sections 914(f) and 918(a) is "in accordance with law" and must be enforced by this court. 33 U.S.C. § 918(a)("the court shall upon the filing of the [supplementary order] enter judgment for the amount declared in default * * * if such supplementary order is in accordance with law").

DISCUSSION
Under section 918(a), a person who is owed compensation by an employer may apply to the deputy commissioner[4] for (as relevant) a supplementary order under 914(f) declaring the amount of the default. Upon such application, and after "investigation, notice and hearing, as provided in section 919," the deputy commissioner "shall make a supplementary order, declaring the amount of the default * * *." 33 U.S.C. § 918(a). Section 914(f), the penalty provision, provides:
If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at the same time as, but in addition to, such compensation * * *.
Courts have construed section 914(f) to be "self-executing," that is, "`the 20 percent additional compensation automatically becomes due immediately upon the expiration of the ten-day period.'" Providence Washington, 765 F.2d at 1385 (quoting Tidelands Marine Serv. v. Patterson, 719 F.2d 126, 128 at n. 2 (5th Cir. 1983)); Severin v. Exxon Corp., 910 F.2d 286, 288 (5th Cir.1990)("section 14(f) penalty is self-executing and admits of no equitable exceptions for late payment"); see also Sea-Land Service, Inc. v. Barry, 41 F.3d 903, 909 (3rd Cir.1994). Thus, the deputy commissioner has no discretion in assessing penalties under section 914(f), but is limited to making the following determinations:
(1) that payment under a compensation award has become due; (2) that since payment has become due ten days elapsed without the employer either making a payment or obtaining a stay; *1148 and (3) the amount due and the calculation of the 20 percent penalty.
Providence Washington, 765 F.2d at 1385.
In this case, the employer/carriers challenge the supplementary order on two grounds. First, both argue, albeit on different theories, that the OWCP's listing of an incorrect address for claimant invalidates the supplementary order. Second, both argue that the supplementary order was not "in accordance with law" because the deputy commissioner allegedly failed to comply with the procedural requirements of section 918(a). I address these arguments in turn.

1. Payment Sent to the Wrong Address

Each carrier presents a slightly different theory as to why the OWCP's listing of a wrong address for claimant excuses their late payments. EPI argues that OWCP's "filing" of any document containing an incorrect address for the claimant is invalid and thus cannot trigger section 914(f). FF, in turn, argues that (1) it did not participate in the proceedings in which claimant revealed his new address and thus had no notice that he had moved; and (2) in any event, FF "paid" claimant within the required 10 days when it mailed the first check.
The Ninth Circuit has not directly addressed the latter issue, but other courts that have considered the argument that a claimant is "paid" when the check is mailed have rejected it in favor of a "receipt rule." See, e.g., Sea-Land Service, 41 F.3d at 909 ("`receipt rule' determines when a claimant is `paid' under § 14(f)"); Matthews v. Newport News Shipbuilding and Dry Dock Co., 22 BRBS 440, 442 (1989). Moreover, with the exception of the Fifth Circuit,[5] courts appear to uniformly hold that section 914(f) requires payment within ten calendar days, not ten business days. Pleasant-El v. Oil Recovery Co., Inc., 148 F.3d 1300, 1302 (11th Cir.1998)(citing cases); see Reid v. Universal Maritime Service Corp., 41 F.3d 200, 201 (4th Cir.1994)("ten days is ten twenty-four hour periods as a day is commonly understood").
The Ninth Circuit decision in Providence Washington, which often is cited by other courts, is consistent with the construction of section 914(f) espoused by other circuits, i.e., that the section 914(f) penalty is self-executing, automatically becomes due upon expiration of the ten-day period, and admits of no equitable exceptions for late payment. See Providence Washington, 765 F.2d at 1385; see also Pleasant-El, 148 F.3d at 1302-03; Sea-Land Service, 41 F.3d at 909-10; Severin, 910 F.2d at 288; Lauzon v. Strachan Shipping Co., 782 F.2d 1217,1222 (5th Cir. 1985).[6] The employer/carriers' arguments raise equitable concerns that, as section 914(f) has been construed, are insufficient to render the supplemental order invalid.
I am sympathetic to FF's and EPI's position, but like other courts that have considered similar equitable complaints, I am bound by the statute before me. Because more than ten days elapsed between the June 8, 1998, compensation order and the payments to claimant, the 20 percent penalty automatically attached. If the result seems harsh and inequitable under the *1149 circumstances, that is an issue best addressed to Congress, not this court. See Sea-Land Service, 41 F.3d at 910 ("`judiciary may not sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations'" (citation omitted)); see also Pleasant-El, 148 F.3d at 1303, in which Senior Judge Hill, concurring, commented that "I doubt that it is my business to evaluate the harshness, or lack thereof, of Acts of Congress. Were it so, I should agree * * * that the limitation here may produce more gotchas' than deserved penalties for stubborn delay."
I concur with Judge Hill's assessment. Nevertheless, I must conclude that the employer/carriers' reliance on an incorrect address, while unfortunate, does not invalidate the supplementary order.

2. Procedural Aspects of the Penalty Determination

FF/WSI and EPI/WSI next assert that the supplementary order is not "in accordance with law" because the deputy commissioner failed to follow the procedural requirements of section 918(a). Specifically, FF asserts that the deputy commissioner failed to conduct an investigation or provide notice of the claim.
Section 918(a) permits entry of a supplementary order under section 914(f) only after "investigation, notice, and hearing, as provided in section 919." 33 U.S.C. § 918(a). The relevant portions of section 919 provide:
Within ten days after such claim is filed the deputy commissioner * * * shall notify the employer * * * that a claim has been filed. * * *
The deputy commissioner shall make or cause to be made such investigations as he considers necessary in respect of the claim, and upon application of any interested party shall order a hearing thereon. * * *
33 U.S.C. § 919(b) and (c).
Thus, before the deputy commissioner can enter a supplemental order of default against an employer or insurance carrier, he must investigate the claimant's application to determine whether the penalty provision applies, provide notice to interested parties, and give the parties an opportunity for a hearing. See Abbott v. Louisiana Ins. Guaranty Ass'n, 889 F.2d 626, 629 (5th Cir.1989).[7]
From the documents provided to the court, it appears that the employer/carriers admitted to OWCP that their payments to claimant were late. Consequently, the deputy commissioner needed very little investigation to make the necessary factual determinations. Given that section 919(c) requires the deputy commissioner to undertake only "such investigations as he considers necessary," FF's argument that more investigation was required is not persuasive.
Moreover, while the deputy commissioner may not have given the employer/carriers notice of the claim, they received actual notice from claimant's counsel and communicated with OWCP about the claim. In view of those facts, and given the non-discretionary nature of the deputy commissioner's decision once it appeared that claimant was not paid within 10 days, the employer/carriers cannot demonstrate that the deputy commissioner's failure to provide notice substantially prejudiced their rights. See Abbott, 889 F.2d at 630 (citing Ka Fung Chan v. INS, 634 F.2d 248, 258 (5th Cir. 1981) for the proposition that "proof of denial of due process in an administrative proceeding requires a showing of substantial prejudice").
Accordingly, I conclude that the supplementary order of default was entered in accordance with law and is valid.

CONCLUSION
The Supplementary Order Declaring Default Pursuant to Section 14(f) is AFFIRMED. *1150 The appeals of FF/WSI and EPI/WSI are denied.
NOTES
[1] Claimant has not explained why he waited so long  several days after the statutory 10-day period had expired  to call FF about the missing check.
[2] The documents relevant to this appeal are not all marked as exhibits, which makes proper citation to them difficult.
[3] In earlier proceedings on the employer/carriers' motion for stay pending appeal, on March 22, 1999, I ordered EPI/WSI to pay the $1,000 penalty, stayed the penalty owed by FF/WSI, and ordered FF/WSI to post a bond in the amount of $27,700.
[4] Claims under the LHWCA for injury or death are under the jurisdiction of the "deputy commissioner in the compensation district in which such injury or death occurred." 33 U.S.C. § 913(a); see also 33 U.S.C. § 902(7).
[5] Quave v. Progress Marine, 912 F.2d 798 (5th Cir.1990), held that the ten day period should be ten business days, a ruling criticized by other circuit decisions since. See, e.g., Reid v. Universal Maritime Serv. Corp., 41 F.3d 200, 202 (4th Cir.1994)(describing the rationale embraced by Quave as "tortuous").
[6] In Lauzon, for example, the employer prepared the claimant's check on time and held it at the employer's office as an accommodation to the claimant. After claimant failed to pick up the check, the employer called and left a message with his wife, who forgot to tell claimant the check was ready. When the employer called again and offered to hand-deliver the check, the ten-day period had expired and claimant instructed his wife not to accept the payment. Despite the apparent unfairness of penalizing the employer under those circumstances, the Lauzon court adhered to the rule that section 914(f) is self-executing and applies in every instance in which payment is overdue. Lauzon v. Strachan Shipping Co., 782 F.2d 1217, 1222 (5th Cir.1985).
[7] It appears that neither FF/WSI nor EPI/ WSI requested a hearing.