**Farrel D. HANSON, Plaintiff–
Appellant,**

v.

**MARINE TERMINALS CORPORA-TION, Nevada corporation; and Majestic Insurance Company, a California corporation, Defendants–Appellees.**

No. 00–35871.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2002.

Filed Oct. 9, 2002.

Charles Robinowitz, Portland, OR, for plaintiff-appellant.

Richard A. Nielsen, LeGros Buchanan & Paul, Seattle, WA, for defendants-appellees.

Before T.G. NELSON, GRABER, and FISHER, Circuit Judges.

## OPINION

T.G. NELSON, Circuit Judge.

Farrel D. Hanson ("Hanson") appeals the district court's grant of summary judgment dismissing his action to enforce a Department of Labor ("DOL") order awarding a monetary penalty to Hanson for an overdue compensation award under the Longshore and Harbor Workers' Compensation Act [1] ("LHWCA") pursuant to 33 U.S.C. § 914(f). The district court denied the penalty on equitable grounds. We reverse because we conclude, in accord with our sister circuits, that equitable factors have no place in the district court's consideration of a § 914(f) penalty.[2]

### I. FACTS AND PROCEDURAL HISTORY

Hanson has worked for Marine Terminals Corporation ("Marine Terminals") since 1967. He filed a claim under the LHWCA for compensation due to hearing loss. On the claim form filed with the DOL, Hanson incorrectly stated that his address was "4444 E. Haines Road, Corbett, Oregon 97019." Hanson's actual house number is "44443." Marine Terminals and its insurance carrier, Majestic Insurance Company (collectively "employer"), were unaware of Hanson's true address. The parties agreed to settle the hearing loss claim and the employer submitted the proposed settlement to the DOL for approval, listing Hanson at yet another incorrect address: "444 E. Haines Road."

The District Director of the DOL approved the settlement on September 18,

---

1. 33 U.S.C. §§ 901–950.

2. We need not decide whether fraud or physical impossibility would constitute a defense to a § 914(f) penalty because neither fraud nor physical impossibility is at issue here.

1998. She issued an order confirming the settlement on the same day, showing Hanson's address as "4444 E. Haines Road." Under the provisions of the LHWCA, the employer then had ten days to pay the award to Hanson in order to avoid the 20% penalty prescribed by 33 U.S.C. § 914(f). The employer attempted to deliver the payment to Hanson via Federal Express on September 24, 1998, at the address shown on the original claim form. Federal Express did not notify the employer that the attempt had failed because there had been no request that it do so.

On September 28, 1998, Hanson told his lawyer that he had not received the settlement funds. His lawyer notified the employer the next day. Hanson received the settlement funds on September 30, 1998, after Federal Express successfully delivered the funds despite having in hand another incorrect address provided by the employer: "4443 E. Haines Road."

In December 1998, Hanson filed a request with the DOL for a declaration of default, pursuant to 33 U.S.C. § 918(a), based on the employer's late payment. He sought a late payment penalty of $7,451.90, which is 20% of the settlement amount, because the employer had not paid him within the ten days required by § 914(f). On December 30, 1998, the District Director granted Hanson's request. In a supplemental order declaring default, she ordered defendants to pay Hanson $7,451.90 for failing to deliver the settlement funds within ten days after September 18, 1998.

On July 28, 1999, Hanson filed an action in the district court pursuant to § 918(a) seeking to enforce the District Director's order. The district court denied Hanson's request, holding that he was equitably estopped from receiving the penalty for late payment. Hanson timely appealed.

## II. DISCUSSION

The penalty contemplated by 33 U.S.C. § 914(f) is mandatory; the statute does not allow for the consideration of equitable factors.[3] Accordingly, in a § 914(f) situation, " '[h]e means well' is useless unless he does well." [4] In so holding, we agree with the Third, Fifth, and Eleventh Circuits.[5] Therefore, we reverse.

Section 914(f) is the penalty provision of the LHWCA.[6] It provides that "[i]f any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid ... in addition to" the original award amount.[7] The section is self-executing and does not grant discretion to the District Director of the DOL when evaluating whether a penalty is due.[8]

---

**3.** *See Providence Wash. Ins. Co. v. Director, OWCP,* 765 F.2d 1381, 1385 (9th Cir.1985); *see also* 33 U.S.C. § 914(f) (providing that the 20% penalty "shall be added" to the total unpaid compensation when the amount due is not paid within ten days after it becomes due).

**4.** Plautus, Roman playwright.

**5.** *See Pleasant–El v. Oil Recovery Co.,* 148 F.3d 1300, 1303 (11th Cir.1998); *Sea–Land Serv., Inc. v. Barry,* 41 F.3d 903, 909–10 (3d Cir.1994); *Severin v. Exxon Corp.,* 910 F.2d 286, 288 (5th Cir.1990); *Lauzon v. Strachan Shipping Co.,* 782 F.2d 1217, 1222 (5th Cir. 1985); *see also Zea v. W. State, Inc.,* 61

F.Supp.2d 1144, 1146–48 (D.Or.1999) (upholding a § 914(f) penalty under similar circumstances and concluding that any remedy for the sometimes harsh results of § 914(f) is with Congress, not the courts).

**6.** 33 U.S.C. § 914(f).

**7.** *Id.*

**8.** *Providence,* 765 F.2d at 1385 (holding that § 914(f) "does not vest the Deputy Commissioner with any discretion"); *see also Sea–Land,* 41 F.3d at 910 (stating that § 914(f) is, "[i]n essence ... a non-discretionary penalty that applies in every instance in which payment is overdue").

Use of the mandatory term "shall" requires the District Director to add the 20% penalty if she finds that there is an amount due and that more than ten days elapsed between the date the amount became due and the date it was delivered.[9]

■ After the District Director makes a factual finding and imposes the penalty, the statute substantially limits the district court's discretion.[10] Section 918 provides that the District Director's penalty order "shall be final" and, when presented with an enforcement action on such an order, the district court "shall ... enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law."[11] Thus, the statute limits the district court's inquiry solely to the question of whether the order was in accordance with law.[12]

We acknowledge that in one case, *Rambo v. Director, OWCP*,[13] this court affirmed the modification of an LHWCA award. However, that case did not involve a § 914(f) penalty. In *Rambo*, the court upheld the modification of an award pursuant to 33 U.S.C. § 922 because, after receiving the award based upon his disability, the claimant was working and earning 300% of his previous wages.[14] Unlike § 914(f), the terms of § 922 grant the DOL considerable discretion to modify awards based upon changed circumstances.[15] All the cases that have examined what role, if any, equitable considerations have in enforcing a § 914(f) penalty have concluded that the district court has no authority to consider equitable factors.[16]

We find these authorities more persuasive than *Rambo* in this context.

■ Precluding equitable considerations not only comports with the plain language of the statute, but also furthers the purpose of the LHWCA and, in particular, its penalty provision. The goals of the LHWCA are to provide an efficient mechanism for enforcing unpaid compensation awards and to encourage the prompt payment of injured workers.[17] Adding equitable review at the district court level would undermine the goals of the statute[18] and, in light of decisions of our sister circuits,

9. *Providence*, 765 F.2d at 1385.

10. *Id.* at 1384.

11. 33 U.S.C. § 918(a).

12. This "abbreviated ... procedure is limited to situations where the employer's liability already has been determined under a compensation order and the employer is in default of its payment obligations under that order." *Providence*, 765 F.2d at 1384.

13. 81 F.3d 840 (9th Cir.1996), *vacated in part on other grounds*, 521 U.S. 121, 117 S.Ct. 1953, 138 L.Ed.2d 327 (1997).

14. *Id.* at 843.

15. 33 U.S.C. § 922.

16. *See Pleasant–El*, 148 F.3d at 1303; *Sea–Land*, 41 F.3d at 909–10; *Severin*, 910 F.2d at 288; *Lauzon*, 782 F.2d at 1222; *Zea*, 61 F.Supp.2d at 1146–48; *see also Burgo v. Gen. Dynamics Corp.*, 122 F.3d 140, 142 (2d Cir. 1997) (rejecting "equitable complaints of good faith by an employer" in holding that the ten days provided for by § 914(f) are ten calendar days, not ten business days).

17. *See Snowden v. Director, OWCP*, 253 F.3d 725, 730 (D.C.Cir.2001), *cert. denied*, — U.S. ——, 122 S.Ct. 1988, 152 L.Ed.2d 1044 (2002); *Pleasant–El*, 148 F.3d at 1303; *Providence*, 765 F.2d at 1384–85; *Tidelands Marine Serv. v. Patterson*, 719 F.2d 126, 129 (5th Cir.1983).

18. *Cf. Lauzon*, 782 F.2d at 1221–22 (stating that adopting employer's proposed rule would be inconsistent with the goals of the LHWCA and would spawn litigation over whether, in each factual circumstance, the claimant has been paid, undermining the self-executing statutory scheme).

would also undermine uniformity in admiralty law.[19]

### III. CONCLUSION

The penalty provisions in § 914(f) are self-executing and provide for a mandatory 20% penalty in the event of a late payment. The district court may not consider equitable factors when it is called upon to enforce penalties imposed under § 914(f). Therefore, we must reverse.

REVERSED and REMANDED with instructions to enter summary judgment for Hanson.

---

**19.** *See Ghotra v. Bandila Shipping, Inc.,* 113 F.3d 1050, 1059 (9th Cir.1997).