Jacobo **FINKIELSTAIN,**
**Plaintiff–Appellee,**

v.

**Julian M. SEIDEL, Defendant,**

**First Maryland Savings & Loan, Inc. and Maryland Deposit Insurance Fund Corp., as Receiver for First Maryland Savings & Loan, Inc., Defendants–Appellants.**

**No. 1188, Docket 88–7174.**

United States Court of Appeals,
Second Circuit.

Argued June 9, 1988.

Decided Sept. 8, 1988.

Sheila Mosmiller Vidmar, Baltimore, Md. (Francis B. Burch, Jr., John D. Corse, Piper & Marbury, Baltimore, Md., Shereff, Friedman, Hoffman & Goodman, New York City, of counsel), for defendants-appellants.

William M. Pinzler, New York City (Susan I. Matejcak, Ross & Hardies, New York City, of counsel), for plaintiff-appellee.

Before VAN GRAAFEILAND and MAHONEY, Circuit Judges, and METZNER, Senior District Judge.[*]

METZNER, Senior District Judge:

Jacobo Finkielstain instituted this action to rescind two loan agreements between himself and First Maryland Savings & Loan, Inc. (First Maryland). After entry into these transactions, First Maryland was placed in receivership under Maryland law which provided that the Maryland Deposit Insurance Fund Corp. (MDIF) shall be appointed receiver of any savings and loan association being operated in an unsafe and unsound manner.

Finkielstain's complaint alleges violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10(b)(5) promulgated thereunder. There are also allegations of common law fraud. Finkielstain has named both First Maryland and MDIF, as receiver for First Maryland, parties defendant.

These defendants moved to dismiss the complaint on the ground that the Eleventh Amendment bars any suit against MDIF which they claim is the real party in interest.

The movants further argued that, in the interest of federalism and comity, the district court should abstain from adjudicating the matter. In the alternative, they urge that the action should be dismissed under the doctrine of forum non conveniens, or transferred to the District of Maryland, pursuant to 28 U.S.C. § 1404(a).

The court below dismissed the action against MDIF on the ground of Eleventh Amendment immunity. Further, it found that First Maryland was the real party in interest and did not have immunity even though MDIF was its receiver. Finally, the court refused to abstain, dismiss or transfer the action as to First Maryland. 692 F.Supp. 1497.

The defendants, on appeal, argue that the claim against First Maryland must be dismissed because MDIF is the real party in interest, and that it is immune from suit pursuant to the Eleventh Amendment. They further urge that First Maryland is entitled to this immunity, but its claim rests on the claimed immunity of MDIF.

This court has jurisdiction of the appeal under the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). We have applied the doctrine to a case in which Eleventh Amendment immunity was the issue. *Minotti v. Lensink,* 798 F.2d 607, 608 (2d Cir.1986).

---

[*] The Honorable Charles M. Metzner of the United States District Court for the Southern District of New York, sitting by designation.

■ It should be noted that plaintiff-appellee Finkielstain did not cross-appeal from the dismissal as to MDIF. This is unusual because an affirmance of the order below would result in the sole defendant being a party which has neither the right nor the means to defend itself. The normal rule is that a judgment or order will not be set aside or altered in favor of a person who has not filed a timely notice of appeal or cross-appeal. 9 Moore's Federal Practice ¶ 204.11[5] (2d ed. 1987). However, it has been held that the requirement of a cross-appeal is a rule of practice which is not jurisdictional and in appropriate circumstances may be disregarded. *See In re Union Carbide Corp. Gas Plant Disaster,* 809 F.2d 195, 203 (2d Cir.1987); *United Optical Workers Union Local 408 v. Sterling Optical Co., Inc.,* 500 F.2d 220, 224 (2d Cir.1974); 15 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3904 at 416–19 (1976 and Supp. 1987). In our view this case presents the circumstances which justify the application of the exception to the general rule.

The first issue to be addressed on this appeal is who is the real party in interest in the litigation.

The Maryland state court order appointing MDIF as receiver of First Maryland states that "it is impossible and unwise to return the management of First Maryland to its former board of directors or to a new board, to be managed as a continuing institution...." The order stated that MDIF as receiver was possessed of "powers and duties traditionally inherent in a receivership under principles of equity and of common law...." MDIF is then directed to liquidate First Maryland in an orderly manner, and to act with regard to its assets in order to "achieve the ultimate goal of restoring to the depositors of First Maryland access to their deposit accounts in as short a time as may be possible...."

It is clear that under the Maryland statute pursuant to which the court issued the above order, First Maryland exists in name only, and that its assets and liabilities are now the responsibility of MDIF. Any judgment entered in favor of plaintiff in this lawsuit will be responded to by MDIF as receiver of First Maryland. First Maryland is, therefore, not the real party in interest.

■ We turn now to the questions of whether MDIF is the real party in interest and is entitled to Eleventh Amendment immunity. This issue has been addressed many times in the context of the right of a state agency to claim Eleventh Amendment immunity. The Amendment provides that the judicial power of the United States does not extend to suits against a state by citizens of another state. In order to determine whether the agency may assert a state's right to immunity, inquiry must be made as to the "essential nature and effect of the proceeding." *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945).

In *Excess and Casualty Reinsurance Association v. Insurance Commissioner of the State of California,* 656 F.2d 491 (9th Cir.1981), the court was concerned with an action against the Insurance Department of the State of Florida which had been appointed ancillary receiver of an insolvent insurance company. The Insurance Department, a named defendant in interpleader proceedings, claimed Eleventh Amendment immunity. In denying immunity, the court pointed out that damages were not sought against the treasury of the State, the suit did not seek to compel or forbid action by the State, and the Department was not being sued in a sovereign capacity, but rather in its capacity as ancillary receiver. *See also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cavicchia,* 311 F.Supp. 149 (S.D.N.Y.1970).

■ MDIF raised the issue that it is the real party in interest and entitled to Eleventh Amendment immunity in *Foremost Guaranty Corporation v. Community Savings & Loan, Inc.,* 826 F.2d 1383 (4th Cir.1987). In that case two mortgage insurance companies instituted actions for declaratory judgment seeking rescission of policies issued to a subsidiary of Community Savings & Loan, Inc., for which MDIF had been appointed receiver under the same statute as in the instant case. The

Court of Appeals affirmed the denial of a motion to dismiss because of claimed sovereign immunity on the ground that MDIF does not obtain immunity while "functioning in its limited capacity as a receiver, a legal representative for Community...." 826 F.2d at 1384. After reviewing the legal principles used to determine the existence of Eleventh Amendment immunity, the Court stated at 1387:

> "No wrongdoing by the state agency is alleged; no relief from the state agency is requested. MDIF is before the Court solely as Community's receiver. In fact, MDIF's involvement in this litigation is predicated only on its status as Community's receiver, merely charged with overseeing the orderly liquidation and disposition of Community's assets."

The court distinguished its prior holding in *John Hanson Savings & Loan, Inc. v. Maryland*, 812 F.2d 1401 (4th Cir.) (per curiam, unpublished) *cert. denied*, — U.S. ——, 108 S.Ct. 79, 98 L.Ed.2d 41 (1987), on the ground that a judgment obtained in that case would have operated directly to require the disbursement of public funds. It pointed out that any potential liability imposed on MDIF in that case was indirect and collateral. This is also true in the instant case.

It is clear that MDIF, as receiver of First Maryland, is the real party in interest, but is not entitled to Eleventh Amendment immunity.

The court below properly denied the requested relief of abstention, dismissal or transfer to the District Court of Maryland pursuant to 28 U.S.C. § 1404(a).

■ "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). Abstention is not appropriate here either under *Colorado River* or *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). This action is brought to obtain relief for alleged violations of the Securities Exchange Act of 1934. It is an action exclusively within the jurisdiction of the federal courts. *Colora-*

*do River, supra.* Its resolution will have no impact on the development of state policy, nor involve the interpretation of state law. *Burford, supra.*

The district court properly found that the facts necessary for dismissal on the grounds of forum non conveniens or for transfer pursuant to 28 U.S.C. § 1404(a) are not present.

The order appealed from is reversed to the extent that the action against the Maryland Deposit Insurance Fund Corp., as receiver, is reinstated. The order is otherwise affirmed.