**Manuel BURGO, Jr., Plaintiff–Appellee,**

v.

**GENERAL DYNAMICS CORPORATION, Defendant–Appellant.**

**No. 1543, Docket 96–7832.**

United States Court of Appeals, Second Circuit.

Argued May 13, 1997.

Decided Aug. 27, 1997.

Booth M. Kelly, Jr., New London, CT (John W. Greiner, Murphy & Beane, New London, CT, of counsel and on brief), for Defendant–Appellant. William N. Batty, Jr., Boston, MA (Steven B. Stein, Batty & Stein, Boston, MA, of counsel and on brief), for Plaintiff–Appellee.

Before: WINTER, Chief Judge, CARDAMONE, Circuit Judge, and HAIGHT,* District Judge.

CARDAMONE, Circuit Judge:

Defendant General Dynamics Corporation (defendant or appellant) appeals from a judg-

---

* Hon. Charles S. Haight, Jr., Senior Judge, United States District Court for the Southern District of New York, sitting by designation.

ment of the United States District Court for the District of Connecticut (Squatrito, J.) awarding plaintiff Manuel Burgo, Jr. a \$28,000 penalty payment under a supplemental order issued pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* (LHWCA or Compensation Act). The § 914(f) penalty was incurred when General Dynamics failed to make timely payment of a negotiated settlement of plaintiff's disability claims. *See* 33 U.S.C. § 914(f) (Compensation owed to injured longshoremen must be paid within ten days after it becomes due).

General Dynamics argues on appeal that the District Director of the Compensation Act erroneously failed to apply Rule 6(a) of the Federal Rules of Civil Procedure in calculating the ten-day period within which payment of the compensation award was due. When computing the time within which acts governed by the Federal Rules of Civil Procedure must be performed, intermediate Saturdays, Sundays and legal holidays shall not be counted if the period of time is less than 11 days. Fed.R.Civ.P. 6(a).

Does ten days in § 914(f) mean ten business days as in the federal rules or ten calendar days? We think Congress meant ten calendar days, and although sympathetic to equitable complaints of good faith by an employer, we can find no escape from the statutory language.

## BACKGROUND

In late summer 1994 plaintiff Manuel Burgo and his employer, defendant General Dynamics, negotiated a settlement of various pending disability claims filed by Burgo with the United States Department of Labor. Burgo had been seeking compensation pursuant to the Longshore and Harbor Workers' Compensation Act for injuries sustained in the course of his employment. The settlement, which consisted of a lump sum payment of \$140,000, was approved on August 31, 1994 in an order (compensation order or order) issued by an administrative law judge. The District Director of the Compensation Act filed the compensation order on September 13, 1994. General Dynamics received a copy of the filed order on September 16, 1994 and mailed a check for the full settlement amount three days later. Burgo's attorney received the check on Monday, September 26, 1994—13 days after the order was filed.

On October 31, 1994 Burgo sought a supplemental compensation order for an additional payment of \$28,000—20 percent of the settlement amount—on the ground that General Dynamics had failed to deliver the check within ten days of the filing of the compensation order, as required under § 14(f) of the Compensation Act, codified as 33 U.S.C. § 914(f). The Director granted Burgo's request and issued a supplemental compensation order on November 17, 1994. General Dynamics subsequently filed a motion for reconsideration and requested a hearing, maintaining that in calculating the ten day payment period the Director had failed to comply with the time computation provisions of Fed.R.Civ.P. 6(a). The Director denied defendant's motion and declined to hold a hearing. The company subsequently filed an appeal with the Benefits Review Board, which held that it did not have jurisdiction to hear it.

On March 29, 1995 Burgo filed suit in the District of Connecticut to enforce the supplemental compensation order. The district court dismissed the original complaint as defective on its face, but later entered a judgment in plaintiff's favor on an amended complaint. Two days later, on June 20, 1996, the district court filed a clarification of judgment *nunc pro tunc.* It subsequently denied defendant's motion for relief from the judgment made pursuant to Fed.R.Civ.P. 60(b).

## DISCUSSION

### I Penalties under § 914(f)

Section 914(f) provides in part that "[i]f any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at the same time as, but in addition to, such compensation." 33 U.S.C. § 914(f). The parties agree that payment of the negotiated settlement amount became due on September 13, 1994 when the

Director filed the compensation order approving the settlement. *See Twine v. Locke,* 68 F.2d 712, 714 (2d Cir.1934) ("[S]ection 14(f) imposes a penalty for ten days' delay in payment according to the terms of a compensation order which has been duly filed and served...."). Compensation is deemed paid when the claimant receives it, not when the employer places a check in the mail. *See Sea–Land Serv., Inc. v. Barry,* 41 F.3d 903, 909 (3d Cir.1994).

■ It is undisputed that although General Dynamics mailed the settlement check within the ten-day period, Burgo did not actually receive the $140,000 payment until September 26—13 days after the compensation order was filed. From these uncontroverted facts it appears that appellant is clearly subject to a § 914(f) penalty. The employer nonetheless insists that the ten-day payment period specified in 'the statute should be read as ten business days, not ten calendar days.

■ Analysis of the proper interpretation of a statute must begin with the language of the statute itself. *See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2055, 64 L.Ed.2d 766 (1980). If the language adopted by Congress is unambiguous, we need not resort to extrinsic sources to further illuminate its meaning. *United States v. Piervinanzi,* 23 F.3d 670, 677 (2d Cir.1994). Moreover, unless otherwise defined, individual statutory words are assumed to carry their "ordinary, contemporary, common meaning." *Perrin v. United States,* 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979); *Union Pacific R.R. Co. v. Hall,* 91 U.S. 343, 347, 23 L.Ed. 428 (1875) ("Congress may well be supposed to have used language in accordance with the common understanding.").

A day is the period of time during which the earth makes one revolution on its axis, the average length of this interval being 24 hours. *Merriam–Webster's Collegiate Dictionary* 294 (10th ed.1997). We have little difficulty in concluding that ten days is an unambiguous phrase whose ordinary, common meaning is ten consecutive 24–hour periods. *See Reid v. Universal Maritime Serv. Corp.,* 41 F.3d 200, 201 (4th Cir.1994). Had

Congress intended to exclude weekends and holidays, it could readily have specified that payment must be made within ten business days. While, as appellant notes, Congress might also have made its intent more clear by declaring the § 914(f) penalty due after ten calendar days, the modifier "calendar" is employed primarily to distinguish calendar days from business days when both phrases are used. Because the most natural interpretation of the bare phrase ten days is clearly ten calendar days, we will not find an ambiguity in the legislative language simply because Congress could have reinforced its meaning with the use of additional language.

Having determined that the challenged statute is unambiguous and therefore enforceable according to its plain meaning, our inquiry would ordinarily be at an end. Appellant contends, however, that the time computation provisions of Fed.R.Civ.P. 6(a), which require exclusion of weekends and holidays from the calculation of time periods of less than 11 days, overrides the plain language of § 914(f).

### A. *Applicability of Rule 6(a)*

Rule 6(a) provides in part that "[i]n computing any period of time prescribed or allowed by these rules, ... or by any applicable statute, ... [if] the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation" (the Intermediate Day exclusion). Fed.R.Civ.P. 6(a). Rule 81(a)(6) further specifies that the Federal Rules of Civil Procedure "apply to proceedings for enforcement or review of compensation orders under [33 U.S.C. §§ 918, 921] except to the extent that matters of procedure are provided for in [the LHWCA]." Fed.R.Civ.P. 81(a)(6). General Dynamics contends that because the Compensation Act itself contains no provision governing the computation of time, Rule 6(a) must apply through Rule 81(a)(6).

The interpretive maxim *expressio unius est exclusio alterius* would suggest that the express inclusion of only §§ 918 and 921 in Rule 81(a)(6) should be construed as the

deliberate exclusion of all other sections of the Compensation Act. Moreover, Rule 81(a)(6) is limited on its face to *"proceedings* for enforcement or review of compensation orders" under the named sections. Fed. R.Civ.P. 81(a)(6) (emphasis added). As § 921(e) expressly states, compensation order proceedings are governed exclusively by §§ 918 and 921, the sections specifically incorporated in Rule 81(a)(6). 33 U.S.C. § 921(e) ("Proceedings for . . . enforcing a compensation order . . . shall not be instituted otherwise than as provided in this section and section 918 of this title.").

Section 914(f) simply sets forth the circumstances under which a penalty is due, it does not purport to outline the procedure through which a claimant must go to recover such a penalty. Accordingly, the calculation of a payment deadline under § 914(f) cannot reasonably be characterized as an enforcement proceeding to which the Federal Rules of Civil Procedure apply. *See Reid,* 41 F.3d at 202 (holding that § 914(f) penalty is substantive penalty enforced through procedure governed by § 918). *But see Quave v. Progress Marine,* 912 F.2d 798, 800 (5th Cir. 1990), *cert. denied,* 500 U.S. 916, 111 S.Ct. 2012, 114 L.Ed.2d 99 (1991) (holding that a penalty assessment under § 914(f) of the LHWCA is a "supplementary order declaring the amount of the default" within the meaning of § 918(a) and hence governed by Rule 6(a)).

### B. *Notice 42*

Alternatively, appellant argues that the Department of Labor's Office of Workers' Compensation Programs has adopted the time computation provisions of Rule 6(a) in its Notice No. 42 (Notice 42), which relates to the penalty provisions of § 914(f) of the LHWCA. Notice 42, which was issued June 9, 1980 and is still in effect, provides that

> [i]f the tenth day [after payment of compensation becomes due] is a Saturday, Sunday or legal holiday, compensation is due on the first business day following that date. This is in accordance with Rule 6(a) of the Federal Rules of Civil Procedure.

Although Notice 42 does not directly apply because the last day of the ten-day period was a Friday, neither a weekend day nor a holiday, General Dynamics urges us to find that this language manifests the Department of Labor's acceptance of the general applicability of Rule 6(a) in its entirety to calculation of the § 914(f) ten-day time period.

We are unable to accept General Dynamics' Notice 42 argument. Notice 42 expressly adopts only a part of Rule 6(a), *i.e.,* the provision that when the last day of a relevant time period would otherwise fall on a weekend or holiday, the following Monday is to be substituted as the last day of that period (the Terminal Day provision). Notably absent is any reference to the Intermediate Day exclusion at issue in this case. Although we might ordinarily infer that had the Department of Labor intended both the Intermediate Day exclusion *and* the Terminal Day provision to apply to § 914(f) it would have said so explicitly, the timing of Notice 42 renders its significance considerably less certain.

In June 1980 when Notice 42 was promulgated the weekend/holiday exclusion provision of Rule 6(a) applied only to the computation of time periods of less than seven days. Because the penalty period under § 914(f) is ten days, there would have been no reason for the Department's Office of Workers' Compensation Programs to express any opinion, favorable or otherwise, regarding the applicability of the Intermediate Day exclusion. Appellant declares that we should assume the Labor Department would have adopted the Intermediate Day exclusion if it had been applicable, and that Notice 42 should therefore be read as a ratification of the general proposition that Rule 6(a) governs time calculations under § 914(f).

This point is less than persuasive since the Intermediate Day exclusion was amended in 1985 to apply to periods less than 11 days. In the years following this amendment, the Office of Workers' Compensation Programs has issued no further directives regarding the applicability of Rule 6(a). The Office's 12–year silence on the issue might more reasonably be viewed as an expression of its intent that only those provisions of Rule 6(a) already specifically approved in Notice 42 should apply to § 914(f). As a consequence, we think Notice 42 inconclusive.

Hence, neither Rule 81(a)(6) nor Notice 42 gives us substantial cause to depart from our initial construction of the plain language of the statute. It would be speculative to assume that the Department of Labor intended all of Rule 6(a) to apply simply because it expressly adopted a portion of that rule. In fact, the existence of Notice 42 indicates that the Office of Workers' Compensation Programs did not believe that Rule 6(a) applied to § 914, absent express approval on its part. Similarly, the specific language of Rule 81(a)(6) seems to rule out application of Rule 6(a), rather than argue for it.

In short, defendant has presented no compelling reason for departing from the general rule that the legislature must be presumed to say what it means and mean what it says. Ten days means ten days unless Congress uses some language to indicate it means "ten days more or less." Although this result may seem harsh in the instant case, where payment was only three days late, the bright line rule we follow is consistent with the Compensation Act's underlying purpose of providing for the prompt payment and enforcement of disability compensation awards. *See, e.g., Tidelands Marine Serv. v. Patterson*, 719 F.2d 126, 129 (5th Cir.1983) ("[§ 918 procedures] provide[ ] a quick and inexpensive mechanism for the prompt enforcement of unpaid compensation awards, a theme central to the spirit, intent, and purposes of the LHWCA."). The award of the penalty payment should therefore be affirmed.

## II Attorney's Fees, Costs and Interests

Burgo's amended complaint included a prayer for additional relief in the form of attorney's fees, costs, and interest on the § 914 penalty. Those claims were effectively denied by the district court when it failed to address them in the judgment and clarification *nunc pro tunc.* Plaintiff renews his request for interest, attorney's fees, and costs on appeal, although he did not file a cross-appeal.

Generally, "[w]ithout a cross-appeal, an appellee may urge in support of a decree any matter appearing in the record," even if the relief sought is based on grounds ignored by the lower court. *Morley Constr. Co. v. Maryland Casualty Co.*, 300 U.S. 185, 191, 57 S.Ct. 325, 327, 81 L.Ed. 593 (1937) (Cardozo, J.). What a party may not do, absent a cross-appeal, is "attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below." *Id.* Although this rule is now viewed as one of practice rather than of jurisdiction, and may therefore in certain circumstances be disregarded, *see Finkielstain v. Seidel,* 857 F.2d 893, 895 (2d Cir.1988), plaintiff offers no justification for us to disregard the rule in this case. For that reason, we decline to award fees, costs and interest.

The lack of a cross-appeal from the district court's implied denial of fees and costs does not bar Burgo from requesting fees for defending this appeal. Burgo bases his request for fees and costs on 33 U.S.C. § 928, which provides:

> If the employer or carrier declines to pay any compensation on or before the thirtieth day after receiving written notice of a claim for compensation ... on the ground that there is no liability for compensation ... and the person seeking benefits shall thereafter [use] the services of an attorney ... in the successful prosecution of his claim, there shall be awarded ... a reasonable attorney's fee....

33 U.S.C. § 928(a). This statutory authorization of attorney's fees expressly applies only to the successful prosecution of a claim for compensation, and not for collection of a penalty. The parties agree that appellee received his $140,000 compensation award 13 days after the compensation order was filed, and that the only issue on this appeal is the § 914 penalty for late payment of that compensation.

The language of § 914 supports the common sense conclusion that payments under this section are properly characterized as penalties, and are distinguishable from compensation. For example, § 914(f) states that if due, "there shall be added to such unpaid compensation an amount equal to 20 per

centum thereof, which shall be paid … in addition to [ ] such compensation." The statutory language thus clearly differentiates compensation from the § 914(f) penalty payment. Were it otherwise, § 914 would allow plaintiff to collect a 20 percent premium for the late payment of an already-assessed § 914 penalty, and every late payment would lead to another 20 percent premium. We do not think Congress intended the § 914 penalty to become a form of compound interest. *Cf. Strachan Shipping Co. v. Wedemeyer,* 452 F.2d 1225, 1228 (5th Cir.1971) ("The[ ] 10 per cent and 20 per cent additions [under §§ 914(e)-(f) ] … bear little resemblance to interest, and should rather be treated as penalties."). Section 928(a), which allows for an award of attorney's fees only if the employer "declines to pay any compensation," does not authorize an award of fees where the employer contests a § 914(f) penalty payment. As a consequence, plaintiff's petition for attorney's fees, costs and interest is denied.

### CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed without costs, fees or interest.