**Manuel BURGO, Jr., Plaintiff–Appellee,**

v.

**GENERAL DYNAMICS CORPORATION, Defendant–Appellant.**

**No. 1543, Docket 96–7832.**

United States Court of Appeals, Second Circuit.

Petition for Rehearing Filed Sept. 10, 1997.

Decided Nov. 17, 1997.

William N. Batty, Jr., Steven B. Stein, Batty & Stein, Boston, MA (Joseph M. Fisher, Hingham, MA, of counsel), on the petition for rehearing brief filed, for Plaintiff–Appellee.

Booth M. Kelly, Jr., Murphy & Beane, New London, CT, on the petition for rehearing brief filed, for Defendant–Appellant.

Before: WINTER, Chief Judge, CARDAMONE, Circuit Judge, and HAIGHT,* District Judge.

PER CURIAM.

Following our August 27, 1997 decision in this case, *Burgo v. General Dynamics Corp.*, 122 F.3d 140 (2d Cir.1997), familiarity with which is assumed, plaintiff-appellee Manuel Burgo petitioned for rehearing with respect to our determination that he was not entitled to attorney's fees, costs, and interest on the

---

* Hon. Charles S. Haight, Jr., Senior Judge, United States District Court for the Southern District of

New York, sitting by designation.

33 U.S.C. § 914(f) penalty imposed upon General Dynamics when it failed to make timely payment of a negotiated settlement of Burgo's disability claims. Defendant-appellant General Dynamics also petitioned for rehearing with respect to our determination that Fed.R.Civ.P. 6(a) does not apply to the calculation of the 10–day time period specified in § 914(f).

Burgo argues that our denial of the fees was based on a mistaken belief that the district court had denied his claims regarding the additional relief. He maintains that, in fact, the district court denied his motion for fees and expenses "without prejudice" because such a request could not be decided while the appeal of the § 914(f) award was pending, and that issue, therefore, could not be the subject of an appeal. Burgo urges that our previous determination of the fees issue be withdrawn as advisory. Although we decline to withdraw our earlier opinion, we write to clarify it.

The only issue that we reached and decided was Burgo's request for fees, costs and interest with regard to the appeal. That issue was properly before us and although our resolution of this issue may have important precedential consequences for Burgo, such consequences do not render our opinion advisory. In addition, our denial of petitioner's request for § 928 relief was not in error. As we stated in our August 27, 1997 opinion, § 928's authorization of attorney's fees applies only to the successful prosecution of a "claim for compensation," and does not authorize this kind of relief when a plaintiff seeks and recovers a § 914(f) penalty, which was the relief Burgo obtained. In short, petitioner is not entitled to fees, costs and interest upon being awarded a penalty.

General Dynamics raises in its petition for rehearing essentially the same arguments with respect to Rule 6(a) it made on appeal. Those arguments were fully analyzed and resolved in our August 27, 1997 opinion and we adhere to the resolution we made there.

Both petitions for rehearing are, accordingly, hereby denied.