**Alfred S. COOK, Plaintiff–Appellant,**

v.

**Craig APPLE, as Chief Deputy, Albany County Sheriff's Department, Michael Monteleone, as Investigator, Albany County Sheriff's Department, Charles Higgins, as Investigator, Albany County Sheriff's Department, James L. Campbell, as Albany County Sheriff and Albany County, Defendants–Appellees.**

**Docket No. 04–4534–CV.**

United States Court of Appeals, Second Circuit.

Aug. 8, 2005.

Lewis B. Oliver, Jr., Albany, New York, for Plaintiff–Appellant.

Shawn F. Brousseau, Napierski, Vandenburgh & Napierski L.L.P., Albany, New York, for Defendants–Appellees.

Present: WESLEY, HALL, Circuit Judges, and TRAGER, District Judge.[1]

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff–Appellant Alfred S. Cook appeals from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*) entered on July 23, 2004, dismissing Cook's complaint with prejudice, except with regard to a state law claim of defamation against defendant Craig Apple, which the district court dismissed without prejudice. Familiarity by the parties is assumed as to the

---

1. The Honorable David G. Trager of the United States District Court for the Eastern District of New York sitting by designation.

facts, the procedural context, and the specification of issues.

We affirm the judgment of the district court. First, defendants' search and seizure was within the scope of Cook's written consent. The standard "for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness—what ... the typical person [would] have understood by the exchange between the officer and the suspect." *Florida v. Jimeno*, 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991). Cook's consent to "a complete search" and his grant of permission "to take from [his] premises any letters, papers, materials or other property which they may desire" objectively covered defendants' searches and seizures. *Cf. United States v. Ansaldi*, 372 F.3d 118, 129–30 (2d Cir.2004).

Second, defendants' reported statements to the media are not part of any "seizure" under the Fourth Amendment. Post-arrest oral descriptions of a suspect's arrest and even immaterial, extraneous information related to the plaintiff's eccentricities which serve no useful law enforcement purpose are unlike "perp walks," *see Lauro v. Charles*, 219 F.3d 202 (2d Cir.2000); *Caldarola v. County of Westchester*, 343 F.3d 570 (2d Cir.2003), or media ride-alongs, *see Wilson v. Layne*, 526 U.S. 603, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999); *Ayeni v. Mottola*, 35 F.3d 680 (2d Cir. 1994). An oral description given by an office to the media does not seize a suspect's image, as a photograph might be understood to do. *See Caldarola*, 343 F.3d at 574–75. It does not contradict the terms of a warrant. *See Ayeni*, 35 F.3d at 685–86. Nor is it contemporaneous with a traditional seizure like a media ride-along. *See Wilson*, 526 U.S. at 611–13, 119 S.Ct. 1692; *Ayeni*, 35 F.3d at 685–88. Accordingly, Cook's complaint failed to allege the violation of any constitutional right, and the district court properly dismissed his § 1983 claims.

We decline to consider defendants' argument that the district court erred in dismissing the defamation claim against defendant Apple without prejudice, rather than with prejudice, because defendants never filed a cross-appeal. *See Morley Constr. Co. v. Maryland Cas. Co.*, 300 U.S. 185, 191, 57 S.Ct. 325, 81 L.Ed. 593 (1937); *Burgo v. General Dynamics Corp.*, 122 F.3d 140, 145 (2d Cir.1997).

For the reasons set forth above, the district court's judgment is hereby AFFIRMED.