10-2138-bk
Wynns v. Davis

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of June, two thousand eleven.

PRESENT:
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,

> *Circuit Judges.*

_____

GEORGE S. WYNNS,

> *Defendant-Appellant*,

- v. -                                            10-2138-bk

TRACY HOPE DAVIS, United States Trustee,

> *Plaintiff-Appellee*.

_____

FOR APPELLANT: George S. Wynns, *pro se*, San Francisco, CA.

FOR APPELLEE: Noah M. Schottenstein, United States Department of Justice, Washington, D.C., *for* Tracy Hope Davis, United States Trustee, Region 2, Office of the United States Trustee, Department of Justice, Central Islip, NY (Christine H. Black, Assistant United States Trustee, Region 2, Office of the United States Trustee, Department of Justice, Central Islip, NY; Ramona D. Elliot, General Counsel, P. Matthew Sutko, Associate General Counsel, and Catherine B. Sevcenko, Trial Attorney, Executive Office for United States Trustees, Department of Justice, Washington, D.C., *on the brief*).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant George S. Wynns, proceeding *pro se*, appeals the district court's judgment affirming in part and vacating in part an order of the Bankruptcy Court for the Eastern District of New York's finding, *inter alia*, that Wynns had violated sections 110 and 528 of the Bankruptcy Code, *see* 11 U.S.C. §§ 110, 528. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"The rulings of a district court acting as an appellate court in a bankruptcy case are subject to plenary review." *In re Stoltz*, 315 F.3d 80, 87 (2d Cir. 2002). Consequently, "[i]n an appeal from a district court's review of a bankruptcy court decision, we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law *de novo*." *In re Enron Corp.*, 419 F.3d 115, 124 (2d Cir. 2005) (internal quotation marks omitted).

At the start, we conclude that Wynn has waived any objection to personal jurisdiction for failure to raise this objection in his initial responsive pleadings. *See* Fed. R. Bankr. P. 7012; *City of N.Y. v. Mickalis Pawn Shop, LLC*, No. 08-4804-cv, 2011 U.S. App. LEXIS 9104, at *50 (2d Cir. May 4, 2011) (slip op.). Having conducted an independent and *de novo* review of the record, we affirm the district court's judgment for substantially the same reasons stated by the district court in its thorough and well-reasoned decision. We have considered Wynns's other arguments on appeal and conclude that they are waived or lack merit. In addition, we decline to consider the United States Trustee's argument that this Court should affirm based on the bankruptcy court's interpretation of section 110 because the United States Trustee did not file a cross-appeal from the district court's order. *See Burgo v. Gen. Dynamics Corp.*, 122 F.3d 140, 145 (2d Cir. 1997) ("[A]bsent a cross-appeal," a party may not "attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below." (internal quotation marks omitted)).

Accordingly, the judgment of the district court is hereby **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3