E.C. v. County of Suffolk

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand thirteen.

PRESENT:   GERARD E. LYNCH,
                       RAYMOND J. LOHIER, JR.,
                       SUSAN L. CARNEY,
                                       *Circuit Judges.*

_____

E.C., an infant under the age of 18 years by his Mother and
Natural Guardian, R.C., R.C., individually,
                                       *Plaintiffs - Appellants*,

                          v.                                                     No. 12-1733-cv

COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE
DEPARTMENT, ANDREW FIORILLO, Police Officer,

                                       *Defendants - Cross-Defendants - Appellees*,

HUNTINGTON UNION FREE SCHOOL DISTRICT,
MARY STOKKERS, DAVID ZIMMERMAN,

                                       *Defendants - Cross-Claimants - Appellees.*[*]

_____

---

[*]The Clerk of the Court is respectfully directed to amend the official caption to conform with the above.

FOR APPELLANTS:       DANIEL MELUCCI, Melucci Firm, P.C., Garden City, New York.

FOR APPELLEES:        ARLENE S. ZWILLING, Assistant County Attorney, *for* Paul J. Margiotta, Acting Suffolk County Attorney, Hauppage, New York, *for Defendants - Cross-Defendants - Appellees Suffolk County*, *The Suffolk County Police Department, and Andrew Fiorillo.*

KELLY A. REAPE, Guercio & Guercio, LLP, Farmingdale, New York, *for Defendants - Cross-Claimants - Appellees Huntington Union Free School District, Mary Stokkers, and David Zimmerman.*

Appeal from the United States District Court for the Eastern District of New York (Thomas C. Platt, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the district court is AFFIRMED.

Plaintiff-appellant E.C. through his mother and natural guardian R.C. appeals an award of summary judgment in favor of Huntington Union Free School District, Huntington Intermediate School, Mary Stokkers and David Zimmerman ("District Defendants") and County of Suffolk, Suffolk County Police Department, and Police Officer Andrew Fiorillo ("County Defendants"). Plaintiffs commenced this action asserting several causes of action against the defendants in a complaint, which was amended five months later. Claim One alleged that the defendants violated E.C.'s civil rights in various ways giving rise to a cause of action under 42 U.S.C. § 1983. Claims Two through Five asserted state-law causes of action for intentional and negligent infliction of severe emotional distress, false arrest and imprisonment, and assault and battery. The United States District Court for the Eastern

2

District of New York granted the defendants' motions for summary judgment and dismissed the federal claims on the merits. The court also dismissed plaintiffs' New York state law claims without prejudice.[1] We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we reference only as necessary to explain our decision.

We review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine disputes as to any material fact and that the moving party was entitled to judgment as a matter of law. Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." Davis v. New York, 316 F.3d 93, 100 (2d Cir. 2002).

Having conducted an independent review of the record in light of these principles, we affirm the district court's grant of summary judgment in favor of the defendants for

---

[1] The defendants contend that the state causes of action should have been dismissed with prejudice. We decline to consider these arguments, as neither party filed a cross-appeal from the district court's order. See, e.g., Burgo v. Gen. Dynamics Corp., 122 F.3d 140, 145 (2d Cir. 1997) ("[A]bsent a cross-appeal," a party may not "attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below." (internal quotation marks omitted)).

substantially the same reasons stated by the district court in its thorough opinion.  EC v. County of Suffolk, 882 F. Supp. 2d 323 (E.D.N.Y. 2012).

At bottom, resolution of most of these claims turns on a determination of whether the seizure of E.C. was reasonable – that is, justified at its inception and reasonable in scope. See New Jersey v. T.L.O., 469 U.S. 325, 341 (1985).  E.C., an eleven-year old, who was at least five feet tall and weighed 156 pounds, suffers from a very severe form of a metabolic disorder called Very Long Chain Acyl-CoA Dehydrogenase Deficiency ("VCLAD") and from mental disabilities.  He was restrained after the following series of events:

> (a) EC began throwing pebbles, then rocks, while on the playground, which his aide told him to put down; (b) when told by his physical education teacher to stop throwing the rocks, EC became agitated and defiant; (c) teacher's assistant Zimmerman took the rock from EC, at which time he became upset and began yelling and running; (d) school security guard Wilson testified that when she told EC he could not throw rocks he became very agitated; (e) when security guard Burns approached EC, he assumed a boxing stance and began running around in an attempt to make physical contact; (f) Wilson held EC's right arm down at his side by holding his right wrist with both of her hands while [Burns] held EC's left arm down; (g) EC screamed and tried to run, pulling the guards along with him; (h) when Wilson and Burns let go of EC, he tried to swing at bystanders so they again held his arms; [i] the guards sat EC down in a sandy area by dropping down in a seated position while holding him; (j) EC continued thrashing around as testified to by newcomers to the scene, Principal Stokkers and EC's teacher, Valente; and (k) EC tried to bang his head and continued thrashing when defendant Officer Fiorillo arrived and relieved Wilson, then Burns.

EC, 882 F. Supp. 2d at 346.

On these facts, which are not the subject of genuine dispute, the minimal amount of force that was used to seize E.C. for his safety and the safety of those around him was, as a

matter of law, reasonable under the circumstances then existing and apparent.  Although the reasonableness inquiry is usually a fact-intensive one that is often best left for a jury, <u>see</u>, <u>e.g.</u>, <u>Calamia v. City of New York</u>, 879 F.2d 1025, 1035 (2d Cir. 1989), plaintiffs have pointed to no genuine dispute as to a material fact to justify reversing the grant of summary judgment in this case.

We have reviewed the remainder of plaintiffs' arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court